petition."

Marvin DAVIS *v.* STATE of Arkansas

736 S.W.2d 281

Supreme Court of Arkansas
Opinion delivered September 21, 1987

*Petitioner*, pro se.

*Steve Clark*, Att'y Gen., by: *Theodore Holder*, Asst. Att'y Gen., signed by: *William F. Knight*, Asst. Att'y Gen., for appellee.

PER CURIAM. The petitioner Marvin Davis pleaded guilty in 1985 to burglary and theft of property and he was sentenced to two consecutive twelve-year terms of imprisonment. In 1986, he filed a petition pursuant to Criminal Procedure Rule 37 to vacate the guilty pleas. Counsel was appointed to represent him. After a hearing, the trial court issued an order reducing the sentence imposed for theft of property to ten years. In all other respects, the petition was denied. No appeal was taken, and petitioner now

seeks a belated appeal on the sole ground that a copy of the court's order was not mailed to him.

The notation on the order denying the Rule 37 petition indicates that the order was filemarked and a copy sent to counsel for petitioner on December 12, 1986, two days after the hearing was held. Counsel states in an affidavit filed in response to the motion for belated appeal that he mailed the order to petitioner on or about December 13, 1986. Counsel further avers that he informed petitioner on the day the petition was denied that he had thirty days in which to decide whether to appeal and that petitioner said at that time that he did not wish to appeal and that he never informed him differently.

Petitioner does not contend that his attorney failed to inform him of his appeal right; in fact, he makes no mention of his having been represented by an attorney at the hearing in circuit court. It is not clear whether petitioner is basing his motion for belated appeal on the court's mailing the order to his attorney rather than to him; but if this is the crux of his argument, the court fulfilled its obligation to notify him that the petition had been denied by promptly providing his attorney with a copy. Counsel in turn promptly mailed the order to the petitioner whom he had already informed of his appeal right. Under these circumstances, the burden was on petitioner to inform counsel of his desire to appeal.

This court will grant a motion for belated appeal of the denial of a petition for postconviction relief where the petitioner was not promptly provided a copy of the court's order, *see Porter* v. *State,* 287 Ark. 359, 698 S.W.2d 801 (1985), but there is evidence here that petitioner was furnished a copy of the order. Moreover, there is evidence that he knew of his right to appeal and subsequently waived it by not taking responsibility for notifying his attorney of his desire to appeal. An attorney is not required to perfect an appeal when the petitioner who is aware of his appeal right stands silent. *See Munn* v. *State,* 278 Ark. 283, 644 S.W.2d 945 (1983).

Motion denied.