Willie ATKINS *v.* STATE of Arkansas

CR 92-212                                                              827 S.W.2d 636

Supreme Court of Arkansas
Opinion delivered March 23, 1992

*Appellant*, pro se.

No response.

PER CURIAM. The appellant Willie Atkins was found guilty by a jury of rape and battery in the first degree and sentenced to life and twenty years imprisonment. His appointed attorney Ralph Goza filed a timely notice of appeal on June 18, 1991, but did not tender the record to this court within ninety days of the date of the notice of appeal as required by Rule 5 of the Rules of Appellate Procedure. The clerk informed Mr. Goza that the record would not be lodged, but Goza took no further steps to perfect the appeal. The appellant has now filed a *pro se* motion for rule on the clerk in which he also seeks appointment of an attorney to represent him.

■ Criminal Procedure Rule 36.26 provides:

Trial counsel, whether retained or court appointed, shall continue to represent a convicted defendant throughout any appeal to the Arkansas Supreme Court, unless permitted by the trial court or the Arkansas Supreme Court to withdraw in the interest of justice or other sufficient cause.

An attorney may not simply tender the record in a criminal case in an untimely manner and take no further action. As an appellant should not be penalized for his attorney's failure to tender the record in accordance with the rules of procedure, we grant the *pro se* motion for rule on the clerk.

Counsel has been directed by Per Curiam Order to appear on Monday, April 6, 1992, at 9:00 a.m. to show cause why he should not be held in contempt of this court for failure to perfect the appeal in this case.

■ The request for appointment of counsel is denied because appellant has not shown that there is any good cause to relieve his appointed attorney of his obligation to represent him on appeal. *See Fellows* v. *State*, 307 Ark. 564, 822 S.W.2d 845 (1992). If information is adduced at counsel's appearance before this court which indicates that counsel cannot provide effective assistance of counsel, appellant's motion will be reconsidered.

A copy of this opinion shall be forwarded to the Committee on Professional Conduct.

Motion for rule on clerk granted; appointment of counsel denied.