Don MALLETT *v.* STATE of Arkansas

CR 97-930                                              954 S.W.2d 247

Supreme Court of Arkansas
Opinion delivered October 30, 1997

*Petitioner*, pro se.

No response.

PER CURIAM. On August 26, 1996, judgment was entered reflecting that Don Mallett had been found guilty by a jury of theft of property by deception. A sentence of fifteen years' imprisonment with three years suspended was imposed.

Mallett's retained attorney, Andrew Clark, filed a notice of appeal; but because it was filed *before* the judgment was entered, it was of no effect. *Hicks v. State*, 324 Ark. 450, 921 S.W.2d 604 (1996). Now before us is Mallett's *pro se* motion seeking to proceed with a belated appeal of the judgment pursuant to Rule 2(e) of the Rules of Appellate Procedure—Criminal, which permits a belated appeal in a criminal case in some instances.

It is the practice of this court when a *pro se* motion for belated appeal is filed alleging that counsel was ineffective for failure to perfect an appeal to request an affidavit from the trial attorney in response to the allegations in the motion. Mr. Clark expresses in his affidavit the erroneous assumption that the notice of appeal was timely.[1] He avers that he did not perfect the appeal because Mallett did not produce the $1,600.00 necessary to pay the court reporter to begin work on the transcript.

Rule 16 of the Rules of Appellate Procedure—Criminal provides in pertinent part:

> Trial counsel, whether retained or court appointed, shall continue to represent a convicted defendant throughout any appeal to the Arkansas Supreme Court, unless permitted by the trial court or the Arkansas Supreme Court to withdraw in the interest of justice or for other sufficient cause.

The record does not reflect, and attorney Clark does not contend, that he was relieved as counsel by the trial court, and it is clear from the filing of the untimely notice of appeal that Clark knew that Mallett desired an appeal. *See Miller v. State*, 299 Ark. 548, 775 S.W.2d 79 (1989). As a result, Clark was obligated to file a

---

[1] If there was a second timely notice of appeal filed with the circuit clerk, it does not appear in the partial record lodged here.

timely notice of appeal and, if Mallett was unable to pay the cost of the appeal, lodge a partial record in the appellate court to preserve the appeal. Upon lodging the partial record, counsel would then have been in a position to file a motion in the appellate court for his client to proceed as an indigent and to be appointed counsel or, if Mallett was not indeed indigent at that time, to file a motion to be relieved as counsel. Under no circumstances may an attorney who has not been relieved by the trial court abandon an appeal where he is aware with the thirty days allowed to file a notice of appeal that the convicted defendant desires to appeal simply because defendant has not paid for the transcript. *Miller, supra.*

■ The motion for belated appeal is granted. A convicted criminal defendant is entitled to effective assistance of counsel on appeal. The direct appeal of a conviction is a matter of right, and a state cannot penalize a criminal defendant by declining to consider his first appeal when his counsel has failed to follow mandatory appellate rules. *Franklin v. State,* 317 Ark. 42, 875 S.W.2d 836 (1994); see *Evitts v. Lucey,* 469 U.S. 387 (1985). To cut off a defendant's right to appeal because of his attorney's failure to follow rules would violate the Sixth Amendment right to effective assistance of counsel. *Evitts v. Lucey, supra.* See also *Pennsylvania v. Finley,* 481 U.S. 551 (1987).

Mallett has appended to the motion for belated appeal an affidavit asserting his indigency. As the State has not contested that assertion, he will be permitted to proceed *in forma pauperis* on appeal. Mr. Clark remains attorney-of-record and is appointed to represent the appellant. Our clerk will lodge the record, and counsel is directed to file within thirty days a petition for writ of certiorari to bring up the record, or that portion of it, necessary for the appeal.

A copy of this opinion shall be forwarded to the Arkansas Supreme Court Committee on Professional Conduct.

Motion granted.