Altricia MUHAMMED *v.* STATE of Arkansas

CR 97-1048                                    957 S.W.2d 692

Supreme Court of Arkansas
Opinion delivered December 11, 1997

*Appellant*, pro se.

No response.

PER CURIAM. On June 28, 1996, judgment was entered in the Circuit Court of Clark County reflecting that Altricia Muhammed had been found guilty by a jury of possession of a controlled substance and sentenced to 120 months' imprisonment. Her retained attorney, Gregory Bryant, filed a timely notice of

appeal from the judgment on July 8, 1996. Counsel subsequently sought in the trial court to have Ms. Muhammed declared indigent, or, in the alternative, to be relieved as counsel. The trial court declined to declare Muhammed indigent. The court also declined to relieve counsel, correctly noting that any motion to be relieved which Bryant desired to file must be addressed to this court because a notice of appeal had been filed in the case.

■ Mr. Bryant did not proceed here to be relieved, and the appeal has gone unperfected. Ms. Muhammed now seeks by *pro se* motion to proceed with a belated appeal of the judgment. As the notice of appeal was timely filed, we treat the motion as a motion for rule on clerk rather than a motion for belated appeal and grant it.

■ ■ The direct appeal of a judgment of conviction is a matter of right, and a state cannot penalize a criminal defendant by declining to permit an appeal when the defendant's counsel has failed to follow mandatory appellate rules. *Reagan v. State*, 316 Ark. 511, 872 S.W.2d 396 (1994), *citing Evitts v. Lucey*, 469 U.S. 387 (1985). Rule 16 of the Rules of Appellate Procedure— Criminal provides:

> Trial counsel, whether retained or court appointed, shall continue to represent a convicted defendant throughout any appeal to the Arkansas Supreme Court, unless permitted by the trial court or the Arkansas Supreme Court to withdraw in the interest of justice or for other sufficient cause.

Once the notice of appeal was filed, attorney Bryant was obligated to perfect the appeal. If he desired to ask to be relieved of responsibility for the appeal or to have his client declared indigent, his course of action was an appropriate motion filed here with a partial record. In no event may counsel simply abandon an appeal, and Bryant remains responsible for representing the appellant. *See Atkins v. State*, 308 Ark. 675, 827 S.W.2d 636 (1992).

■ Attorney Bryant is directed to appear before this court on Thursday, January 8, 1998, at 9 a.m. and show cause why he should not be held in contempt for failure to perfect this appeal.

A copy of this opinion will be forwarded to the Committee on Professional Conduct.

Motion for rule on clerk granted.

ARNOLD, C.J., not participating.