Danny Lee RAGSDALE *v.* STATE of Arkansas

CR 00-704                                              19 S.W.3d 622

Supreme Court of Arkansas
Opinion delivered June 22, 2000

*Petitioner*, pro se.

*Mark Pryor*, Att'y Gen., by: *C. Joseph Cordi, Jr.*, Ass't Att'y Gen., for respondent.

PER CURIAM. On May 14, 1997, Danny Lee Ragsdale was found guilty by a jury in the Circuit Court of Greene County of terroristic threatening in the second degree and sentenced to a term of seventy-two months' imprisonment. An appeal bond in the amount of $25,000 was set. Ragsdale's retained attorney, Richard Grasby, filed a notice of appeal on May 28, 1997. An appeal was not perfected, and Ragsdale now seeks to proceed with a belated appeal of the judgment pursuant to Rule 2(e) of the Rules of Appellate Procedure—Criminal, which permits a belated appeal in a criminal case in some instances.

Our Administrative Order No. 8, § III, provides that upon conviction and sentencing of the defendant the prosecuting attorney shall be responsible for completion of the judgment and commitment order. Administrative Order No. 8, § III, further provides that the judgment and commitment order shall be submitted to the circuit judge for signature and filed with the clerk. For some reason not disclosed by the partial record lodged with the motion for belated appeal, the judgment and commitment order in this case was not entered-of-record with the circuit clerk until October 7, 1999, approximately twenty-nine months after sentence was pronounced. We take judicial notice that Ragsdale was not committed to the Arkansas Department of Correction to begin serving his sentence until February 8, 2000, which suggests that he remained free on bond until that time.

█ Although Rule 2 provides that a motion for belated appeal must be filed within eighteen months of the date sentence was pronounced in those cases where the judgment was not entered within ten days of the pronouncement of sentence, we will consider Ragsdale's motion for belated appeal because his attorney had filed a notice of appeal and an appeal bond had been set. Under these circumstances, Ragsdale may well have believed that the appeal was ongoing.

█ At the time Ragsdale was convicted, Ark. R. App. P.— Crim. 2(b) provided that a notice of appeal was invalid if filed before the judgment was entered.[1] Nevertheless, it is clear from the filing of the notice of appeal and the setting of an appeal bond that

---

[1] On June 24, 1999, the rule was amended by *per curiam* order to provide that a notice of appeal filed after the verdict but before judgment is entered is timely.

Grasby knew his client desired to appeal. *See Gay v. State*, 288 Ark. 589, 707 S.W.2d 320 (1986). Rule 16 of the Rules of Appellate Procedure—Criminal provides in pertinent part:

> Trial counsel, whether retained or court appointed, shall continue to represent a convicted defendant throughout any appeal to the Arkansas Supreme Court, unless permitted by the trial court or the Arkansas Supreme Court to withdraw in the interest of justice or for other sufficient cause.

Under no circumstances may an attorney who has not been relieved by the trial court abandon an appeal where he is aware that the convicted defendant desires to appeal. The direct appeal of a conviction is a matter of right, and a state cannot penalize a criminal defendant by declining to consider his first appeal when counsel has failed to follow mandatory appellate rules. *Franklin v. State*, 317 Ark. 42, 875 S.W.2d 836 (1994); *see Evitts v. Lucey*, 469 U.S. 387 (1985). To extinguish a defendant's right to appeal because of his attorney's failure to follow rules would violate the Sixth Amendment right to effective assistance of counsel. *Evitts v. Lucey*, supra. *See also Pennsylvania v. Finley*, 481 U.S. 551 (1987). It cannot be determined from the partial record whether Mr. Grasby took any steps to learn whether the notice of appeal he filed was timely or whether the record was being prepared by the court reporter. Indeed, it appears from the partial record before us that once Ragsdale was convicted and released on appeal bond, neither Grasby nor the prosecutor did anything further with respect to the matter until October 7, 1999, when the prosecutor apparently filed the judgment with the clerk.

■ Because the proper disposition of the motion for belated appeal in this case requires findings of fact which must be made in the trial court, we remand this matter to the circuit court for an evidentiary hearing on the issues of why the judgment and commitment order was not promptly filed with the clerk, whether Mr. Grasby abandoned the appeal, and whether Ragsdale knew that the appeal was not being pursued.

■ ■ Furthermore, because Ragsdale has appended to the motion for belated appeal an affidavit of indigency and seeks to proceed *in forma pauperis* if he is allowed to proceed with an appeal, the trial court is also directed to take testimony on whether Ragsdale is now indigent. The burden of establishing indigency is on

the defendant claiming indigent status. In considering whether an appellant is indigent, which is a mixed question of fact and law, some of the factors to be considered are: (1) income from employment and governmental programs such as social security and unemployment benefits; (2) money on deposit; (3) ownership of real and personal property; (4) total indebtedness and expense; (5) the number of persons dependent on the appellant for support; (6) the cost of the transcript on appeal; and (7) the likely fee of retained counsel for an appeal if counsel's fee has not already been paid. *Hill v. State*, 305 Ark. 193, 805 S.W.2d 651 (1991). Able-bodiedness, the level of education of the appellant, and whether the appellant is incarcerated are also to be considered. An appellant need not be destitute to qualify as an indigent. *Hill, supra.*

The trial court is directed to enter Findings of Fact and Conclusions of Law within sixty days and submit the findings and conclusions to this court with the transcript of the evidentiary hearing.

Remanded.