Sheri Lynn LANGSTON *v.* STATE of Arkansas

CR 00-401                                    19 S.W.3d 619

Supreme Court of Arkansas
Opinion delivered June 22, 2000

*Appellant,* pro se.

No response.

PER CURIAM. On November 10, 1998, judgment was entered reflecting that Sheri Lynn Langston, who was also known as Sheri Lynn Smith, had been found guilty by a jury of negligent homicide and leaving the scene of an accident with a fatality. The judgment also reflected that her probation for two earlier felony offenses had been revoked. An aggregate term of 252 months' imprisonment was imposed. Langston was represented at trial by her retained attorney, Robert Depper. No appeal was taken, and Langston now seeks to proceed with a belated appeal of the judgment pursuant to Rule 2(e) of the Rules of Appellate

Procedure—Criminal, which permits a belated appeal in a criminal case in some instances.

■ Petitioner Langston contends that she informed Mr. Depper on the day the judgment was entered that she desired to appeal and was informed that he would not appeal the judgment because she was unable "to meet the price quoted." It is the practice of this court when a *pro se* motion for belated appeal is filed and the record does not contain an order relieving trial counsel to request an affidavit from the trial attorney in response to the allegations in the motion. There is no order relieving Depper in the partial record filed with the motion in this case. This affidavit is requested because Rule 16 of the Rules of Appellate Procedure—Criminal provides in pertinent part that trial counsel, whether retained or court appointed, *shall* continue to represent a convicted defendant throughout any appeal, unless permitted by the trial court or the appellate court to withdraw in the interest of justice or for other sufficient cause. We have held, however, that a defendant may waive the right to appeal by his or her failure to inform counsel of the desire to appeal within the thirty days allowed for filing a timely notice of appeal under Rule 4 (a) of the Rules of Appellate Procedure. *Sanders v. State*, 330 Ark. 851, 956 S.W.2d 868 (1997); *Jones v. State*, 294 Ark. 659, 748 S.W.2d 117 (1988).

■ The United States Supreme Court has recently held that an attorney's performance is deficient under the Sixth Amendment to the Constitution if counsel fails to consult with his or her client about the advantages and disadvantages of an appeal and does not make a reasonable effort to discover the convicted defendant's wishes if there is reason to think either (1) that a rational defendant would want to appeal, or (2) that the particular defendant in question has demonstrated to counsel that he or she is interested in appealing. *Roe v. Flores-Ortega*, 120 S.Ct. 1029 (2000). There is a presumption of prejudice arising from the failure of counsel to perfect an appeal if counsel's deficient performance led to the forfeiture of the convicted defendant's right to pursue a direct appeal. The defendant has the burden of demonstrating that, but for counsel's deficient performance, he would have timely appealed. *Roe, supra, citing Strickland v. Washington*, 466 U. S. 668 (1984), and *Hill v. Lockhart*, 474 U. S. 52 (1985). The question of whether a defendant has made the requisite showing will turn on the facts of the particular case. Evidence that there were nonfrivolous grounds for appeal

or that the defendant promptly expressed a desire to appeal are relevant in making the determination. The mere fact, however, that the defendant cannot show nonfrivolous grounds does not foreclose the possibility that he can show that he would have appealed had counsel consulted with him. *Roe, supra.*

■ ■ Mr. Depper did not respond to the letter requesting that he submit an affidavit. As a result, we will accept petitioner's assertion that she expressed her desire to appeal on the day the judgment was entered, and find that Depper was obligated to perfect the appeal. *Parker v. State,* 303 Ark. 185, 792 S.W.2d 619 (1990). *See also Davis v. State,* 293 Ark. 203, 736 S.W.2d 281 (1987). If petitioner was unable to pay the cost of the appeal, Depper was obligated to lodge a partial record in the appellate court to preserve the appeal. *Mallett v. State,* 330 Ark. 428, 954 S.W.2d 247 (1997). Upon lodging the partial record, counsel would then have been in a position to file a motion in the appellate court for his client to proceed as an indigent and to be appointed himself or to have other counsel appointed; or, if Langston was not in fact indigent at that time, to file a motion to be relieved as counsel. Under no circumstances may an attorney who has not been relieved by the trial court abandon an appeal where he is aware within the thirty days allowed to file a notice of appeal that the convicted defendant desires to appeal simply because defendant cannot pay for the appeal. A convicted criminal defendant is entitled to effective assistance of counsel on appeal. The direct appeal of a conviction is a matter of right, and a state cannot penalize a criminal defendant by declining to consider his or her first appeal when counsel has failed to follow mandatory appellate rules. *Franklin v. State,* 317 Ark. 42, 875 S.W.2d 836 (1994); *see Evitts v. Lucey,* 469 U.S. 387 (1985). To extinguish a defendant's right to appeal because of his or her attorney's failure to follow rules would violate the Sixth Amendment right to effective assistance of counsel. *Evitts v. Lucey, supra. See also Pennsylvania v. Finley,* 481 U.S. 551 (1987).

■ Langston has appended to the motion for belated appeal an affidavit asserting her indigency. The State has not contested that assertion, and she will be permitted to proceed *in forma pauperis* on appeal. Mr. Depper remains attorney-of-record and is appointed to represent the appellant. Our clerk will lodge the partial record; counsel is directed to file within thirty days a petition

for writ of certiorari to bring up the record, or that portion of it, necessary for the appeal.

A copy of this opinion shall be forwarded to the Arkansas Supreme Court Committee on Professional Conduct.

Motions granted.