Clyde JOHNSON *v.* STATE of Arkansas

CR 00-815                                    30 S.W.3d 715

Supreme Court of Arkansas
Opinion delivered November 16, 2000

*Appellant*, pro se.

No response.

Per Curiam. ■ On January 31, 1991, judgment was entered in the Circuit Court of Crittenden reflecting that Clyde Johnson had been found guilty by a jury of aggravated robbery and sentenced as a habitual offender to fifty years' imprisonment. Johnson's appointed attorney, Davis Loftin, filed a timely notice of appeal from the judgment on February 28, 1991. The appeal was not perfected, and Mr. Johnson now seeks by *pro se* motion to proceed with a belated appeal of the judgment. As the notice of appeal was timely filed, we treat the motion as a motion for rule on clerk rather than a motion for belated appeal and grant it. *See Muhammed v. State*, 330 Ark. 759, 957 S.W.2d 692 (1997).

■ ■ The direct appeal of a judgment of conviction is a matter of right, and a state cannot penalize a criminal defendant by declining to permit an appeal when the defendant's attorney has failed to follow mandatory appellate rules. *Reagan v. State*, 316 Ark. 511, 872 S.W.2d 396 (1994), *citing Evitts v. Lucey*, 469 U.S. 387 (1985). Rule 16 of the Rules of Appellate Procedure—Criminal provides:

> Trial counsel, whether retained or court appointed, shall continue to represent a convicted defendant throughout any appeal to the Arkansas Supreme Court, unless permitted by the trial court or the Arkansas Supreme Court to withdraw in the interest of justice or for other sufficient cause.

Once the notice of appeal was filed, Mr. Loftin was obligated to perfect the appeal. If he desired to be relieved of responsibility for the appeal, his course was to lodge at least a partial appeal record here and file a motion to be relieved. In no event may counsel simply abandon an appeal, and Loftin remains responsible for representing the appellant. Loftin is directed to file within thirty days a petition for writ of certiorari to bring up the complete record, or that portion of it, necessary for the appeal. A copy of this opinion will be forwarded to the Committee on Professional Conduct.

■ Mr. Loftin is directed to appear before this court on Thursday, December 7, 2000, at 9 a.m. and show cause why he should not be held in contempt for his failure to perfect this appeal.

Motion for rule on clerk to proceed with belated appeal granted; show-cause order issued.