## Anthony STEVENS *v.* STATE of Arkansas

CR 00-1338                                        39 S.W.3d 758

Supreme Court of Arkansas
Opinion delivered March 8, 2001

*Petitioner*, pro se.

No response.

PER CURIAM. On January 7, 2000, judgment was entered reflecting that Anthony Stevens had been found guilty by a jury of possession of a controlled substance with intent to deliver and sentenced to 600 months' imprisonment. Stevens was represented at trial by his appointed attorney, Leon Johnson. Mr. Johnson filed a timely notice of appeal on February 1, 2000. The appeal was not perfected, and Stevens now seeks to proceed with a belated appeal of the judgment. As the notice of appeal was timely filed, we treat the motion as a motion for rule on clerk to lodge the appeal rather than a motion for belated appeal. *See Johnson v. State*, 342 Ark. 709, 30 S.W.3d 715 ( 2000); *see also Muhammed v. State*, 330 Ark. 759, 957 S.W.2d 692 (1997).

Petitioner Stevens has appended to his motion a series of letters to him from Mr. Johnson. In the first letter dated April 4, 2000, Johnson advised Stevens that he had obtained an extension of time to lodge the record until July 2000.[1] On September 7, 2000, Johnson gave Stevens an "update" on the appeal, explaining that he was

---

[1] Judge Johnson was commissioned a Circuit Judge of the Sixth Judicial District on June 5, 2000. He served in that capacity until January 1, 2001. On June 22, 2000, Stevens filed a *pro se* motion in the trial court seeking appointment of other counsel on the ground that Johnson had assumed the bench. Because the notice of appeal had been filed, the trial court did not have jurisdiction to relieve Johnson and appoint other counsel. Ark. R. App. P.-Crim16; Ark. Sup. Ct. R. 4-3(j)(1). The partial record filed with the instant motion does

no longer able to practice law because he had been appointed to the bench and that any motion Johnson filed to obtain appointment of new counsel for Stevens could be construed as practicing law. Johnson stated further that he had expected that the Public Defender Commission would take over the case and assign new counsel to the appeal but the Commission had instead asked him to "file something." Because Johnson did not agree that he could file a pleading, he suggested that Stevens file a *pro se* "motion to file a belated brief" and a motion for appointment of counsel in the court of appeals. He further informed Stevens that he had the appeal record and suggested that Stevens forward his pleadings to someone and have that person obtain the record from him. On October 15, 2000, Johnson again wrote to Stevens advising him to file a motion for belated appeal and motion for counsel as soon as possible.

■ It is apparent that Mr. Johnson misunderstood his duty to appellant. Canon 4G of the Arkansas Code of Judicial Conduct prohibits a judge from the practice of law after he or she has assumed the bench. *See Judicial Discipline v. Thompson*, 341 Ark. 253, 16 S.W.3d 212 (2000). The mere filing a motion to be relieved on the basis that one has been appointed to the bench is not prohibited by Canon 4G, but is rather a means of assuring that the appellant is not abandoned without representation. It is well settled that under no circumstances may an attorney who has not been relieved by the court abandon an appeal. *Johnson, supra; Langston v. State*, 341 Ark. 739, 19 S.W.3d 619 (2000); *Ragsdale v. State*, 341 Ark. 744, 19 S.W.3d 622 (2000); *Mallett v. State*, 330 Ark. 428, 954 S.W.2d 247 (1997); *Muhammad, supra; James v. State*, 329 Ark. 58, 945 S.W.2d 941 (1997); *Jackson v. State*, 325 Ark. 27, 923 S.W.2d 280 (1996).

■ Rule 16 of the Rules of Appellate Procedure—Criminal provides in pertinent part that trial counsel, whether retained or court-appointed, *shall* continue to represent a convicted defendant throughout any appeal, unless permitted by the trial court or the appellate court to withdraw in the interest of justice or for other sufficient cause. Johnson filed a notice of appeal and was thus obligated to represent appellant Stevens until such time as he was permitted by the appellate court to withdraw pursuant to Ark. Sup. Ct. R. 4-3(j)(1). Once Johnson was appointed to the bench, it was incumbent on him to lodge at least a partial record of the lower court proceedings in the appellate court with a motion asking to be

not reflect that any action was taken on the motion.

relieved. His appointment to the bench would clearly have constituted good cause under Rule 16 for Johnson to be permitted by the appellate court to withdraw. Johnson did not act to protect appellant's right to appeal, and thus appellant was left without the effective appellate representation guaranteed to a convicted criminal defendant by the Sixth Amendment. *See Pennsylvania v. Finley*, 481 U.S. 551 (1987). The direct appeal of a conviction is a matter of right, and a State cannot penalize a criminal defendant by declining to consider his or her first appeal when counsel has failed to follow mandatory appellate rules. *Franklin v. State*, 317 Ark. 42, 875 S.W.2d 836 (1994); *see Evitts v. Lucey*, 469 U.S. 387 (1985).

■ Because Mr. Johnson is no longer on the bench, he is eligible to continue as attorney-of-record for the appeal. Our clerk is directed to lodge the appeal. Counsel is directed to file the remainder of the record, which he indicated in correspondence with appellant was ready to be lodged, within thirty days. Upon the filing of the complete appeal record, a briefing schedule will be set.

Motion granted.