## Brian GOODEN *v.* STATE of Arkansas

CR 00-845                                                  40 S.W.3d 271

### Supreme Court of Arkansas
#### Opinion delivered March 22, 2001

*Petitioner*, pro se.

*Mark Pryor*, Att'y Gen., by: *James R. Gowen, Jr.*, Ass't Att'y Gen., for respondent.

PER CURIAM. On October 24, 1995, judgment was entered reflecting that Brian Gooden's term of probation had been revoked and he had been sentenced on four felony offenses to six years' imprisonment. Gooden's retained attorney, Gene McKissic, filed a timely notice of appeal from the judgment on October 26, 1995, and an order was entered releasing Gooden on appeal bond. An order was subsequently entered on January 9, 1996, extending the time to lodge the appeal record to May 24, 1996. The appeal

was not perfected, and Gooden sought leave from this court by *pro se* motion to proceed with a belated appeal of the judgment.[1]

The partial record lodged with the motion reflected that McKissic filed a motion in the trial court on May 3, 1996, to withdraw the appeal on the ground that Gooden had been charged with an additional offense and had worked out a plea agreement "disposing of all pending charges," rendering the appeal moot, but the partial record did not contain an order dismissing the appeal. The partial record also contained an amended judgment entered August 29, 1996, the effect of which was unclear.

As noted in our initial review of the motion, Rule 16 of the Rules of Appellate Procedure—Criminal provides that trial counsel, whether retained or court appointed, shall continue to represent a convicted defendant throughout any appeal to the Arkansas Supreme Court, unless permitted by the trial court or this court to withdraw in the interest of justice or for other sufficient cause. Ordinarily, the fact that McKissic did not perfect the appeal would have clearly indicated that he had failed in his duty to the defendant, but the partial record lodged with the motion for belated appeal was so patently unclear that we found it necessary to remand the matter to the trial court for an evidentiary hearing on the questions of whether there was an order entered dismissing the appeal of the 1995 revocation judgment, the effect of the 1996 amended judgment, and whether the 1995 judgment had been executed when the 1996 amended judgment was entered. *Gooden v. State*, CR 00-845 (November 30, 2000). The record of the evidentiary hearing is now before us.

Mr. McKissic conceded at the evidentiary hearing that no order dismissing the appeal had been entered. It was also determined that the amended judgment entered in 1996 pertained to a separate offense that Gooden had committed in 1996, not the 1995 revocation of probation with which the instant motion is concerned. As to the question of whether the original revocation judgment was executed, Gooden was not committed to the Arkansas Department of Correction as a result of the revocation judgment entered in 1995. Instead, he was committed to the department as a result of his subsequent conviction for another offense.

---

[1] As the notice of appeal was timely filed, we treated the motion as a motion for rule on clerk rather than a motion for belated appeal. *See Johnson v. State*, 342 Ark. 709, 30 S.W.3d 715 (2000); *see also Muhammed v. State*, 330 Ark. 759, 957 S.W.2d 692 (1997).

■ After reviewing the hearing record, it may be concluded that, as there was no order dismissing the appeal or otherwise relieving attorney McKissic from his obligation to perfect the appeal of the 1995 revocation of probation, he was obligated to lodge the record in the appellate court and continue in his representation of Gooden until such time as the appellate court relieved him pursuant to Ark. Sup. Ct. R. 4-3(j)(1). This obligation was not affected by negotiated plea agreements in other cases even if those agreements were predicated at least in part on Gooden's agreement to drop the appeal because the appeal was never dismissed. It is well settled that under no circumstances may an attorney who has not been relieved by the court abandon an appeal. *Johnson, supra; Langston v. State*, 341 Ark. 739, 19 S.W.3d 619 (2000); *Ragsdale v. State*, 341 Ark. 744, 19 S.W.3d 622 (2000); *Mallett v. State*, 330 Ark. 428, 954 S.W.2d 247 (1997); *Muhammed, supra; James v. State*, 329 Ark. 58, 945 S.W.2d 941 (1997); *Jackson v. State*, 325 Ark. 27, 923 S.W.2d 280 (1996).

■ It must be concluded that Mr. McKissic remains responsible for representing appellant Gooden. *See Atkins v. State*, 308 Ark. 675, 827 S.W.2d 636 (1992). Our clerk is directed to lodge the partial record. Mr. McKissic is directed to file a petition for writ of certiorari within thirty days to call up the entire record, or that portion of it, necessary for an appeal to this court.[2]

A copy of this opinion will be forwarded to the Committee on Professional Conduct.

Motion for belated appeal treated as motion for rule on clerk and granted.

---

[2] Appellant Gooden has not asserted in this court a right to proceed *in forma pauperis* on appeal. He is therefore responsible for the costs of the appeal. Whether appellant has paid or still owes counsel a fee for the appeal was not at issue in this proceeding.