## Brian GOODEN *v.* STATE of Arkansas

CR 00-845                                                86 S.W.3d 853

Supreme Court of Arkansas
Opinion delivered October 10, 2002

*Gene McKissic,* for appellant.

No response.

PER CURIAM. By *per curiam* order dated April 18, 2002, this court appointed Hon. John Lineberger as a master to determine the facts on why attorney Gene McKissic should not be held in contempt for failing to file appellant's brief on behalf of Brian Gooden by the final extension date of February 27, 2002.

Judge Lineberger has now submitted his Report and Findings of Fact. In pertinent part, Judge Lineberger found:

> The evidence is clear that McKissic did not obey this Court's Order directing him to file Gooden's brief by February 27, 2002. The evidence is also clear that the brief was not filed due to a mistake on McKissic's part. McKissic did not ask for a hearing to dispute these facts. He asked for this hearing to describe to the Court the difficulty he found himself to be in trying to defend someone who:
>
> (1) Had accused him (wrongfully, he felt) in three different forums of fraud, conspiracy and other evils.
>
> (2) Was requiring him to breach a plea agreement he had reached with a prosecuting attorney.
>
> (3) Was accusing him of taking money for an appeal when he had never been paid for any work he had ever done for the person.

(4) Was accusing him of being ineffective and incompetent.

(5) Was calling him regularly and demanding that he make allegations in the brief which he considered to be ridiculous.

McKissic found himself in what he considered to be a no win situation, but he understood his obligation. From the Record: (R.35)

Q. Can you understand, though, why the Court would be getting upset at not getting a brief from you?

A. Their job — once they tell a lawyer to do something, a lawyer's job is to do that. And I don't have a quarrel with that no matter what they find. My responsibility is to do it. What I'm asking them to understand, though is that I can't take directions from both the court and the client and satisfy both. And it was very hard knowing the agreement we had made with the State and knowing what the truth was to be writing a brief about something I know is not what the truth is.

It is the opinion of the undersigned that Mr. McKissic is entitled to consideration in mitigation of his mistake.

On October 24, 1995, the appellant was convicted of four felony offenses and sentenced to six years' imprisonment. Two days later, Mr. McKissic filed a notice of appeal and an order was entered releasing the appellant on an appeal bond. Since that time, the appeal has either been dormant or Mr. McKissic has sought to be relieved as counsel. Ill will clearly exists between counsel and the appellant. Nevertheless, we directed Mr. McKissic to remain as counsel for the appellant and to lodge the record and file the brief. *Gooden v. State*, 344 Ark. 291, 40 S.W.3d 271 (2001). The appellant then sought to stay his appeal and hold Mr. McKissic in contempt. We denied the stay of appeal in part but ordered Mr. McKissic to give the appellant a copy of the brief when filed. *Gooden v. State*, 2001 WL 1388839 (Nov. 8, 2001). We denied the motion for contempt. *Id.*

Mr. McKissic was given a final extension to file the appellant's brief as of February 27, 2002. That deadline was missed. Mr. McKissic eventually tendered the appellant's brief to the clerk

of this court on April 11, 2002, the day he appeared before this court to show cause why he should not be held in contempt.

While we understand the apparent breakdown in communication between counsel and client, Mr. McKissic owed an obligation to the criminal justice system and to this court to prosecute this appeal in a timely manner. That was not done.

We direct the clerk of this court to file the appellant's brief. We find that Mr. McKissic is in contempt of court and fine him $250. A copy of this *per curiam* order will be sent to the Professional Conduct Committee.