Jason B. ROGERS *v.* STATE of Arkansas

CR 03-485                                    107 S.W.3d 166

Supreme Court of Arkansas
Opinion delivered May 22, 2003

*Appellant, pro se.*

No response.

P ER CURIAM. On May 1, 2003, appellant Jason B. Rogers filed a pro se motion for belated appeal, which this court will treat as a motion for rule on the clerk.[1] Additionally, appellant asks that he be declared indigent and that new counsel be appointed. The record on appeal was tendered by appellant on the same date, and an affidavit of indigency was filed by him on May 6, 2003.

Appellant entered a plea of guilty to the charge of robbery on June 14, 2001. He was placed on ten years' probation, conditioned on certain terms and conditions. On March 28, 2002, judgment was entered reflecting that Jason B. Rogers's term of probation had been revoked and he was sentenced to two hundred forty months' imprisonment. Rogers's retained attorney, Alvin Malone of Waldman and Associates, Memphis, Tennessee, filed a timely notice of appeal from the judgment on April 26, 2002. No further steps have been taken by Alvin Malone or Waldman and Associates on behalf of appellant to perfect the appeal.

Rule 16 of the Rules of Appellate Procedure — Criminal provides that trial counsel, whether retained or court appointed, shall continue to represent a convicted defendant

---

[1] As the notice of appeal was timely filed, we treat the motion as a motion for rule on the clerk, rather than a motion for belated appeal. *See Johnson v. State*, 342 Ark. 709, 30 S.W.3d 715 (2000); *see also Muhammed v. State*, 330 Ark. 759, 957 S.W.2d 692 (1997).

throughout any appeal to the Arkansas Supreme Court, unless permitted by the trial court or this court to withdraw in the interest of justice or for other sufficient cause. The fact that Malone did not perfect the appeal clearly indicates that he has failed in his duty to the appellant.

■ Since there is no order dismissing the appeal or otherwise relieving attorney Malone from his obligation to perfect the appeal of the March 28, 2002, revocation of probation, Malone was obligated to lodge the record in the appellate court and continue in his representation of Rogers until such time as the appellate court relieved him pursuant to Ark. Sup. Ct. R. 4-3(j)(1). It is well settled that under no circumstances may an attorney who has not been relieved by the court abandon an appeal. *Johnson, supra*; *Langston v. State*, 341 Ark. 739, 19 S.W.3d 619 (2000); *Ragsdale v. State*, 341 Ark. 744, 19 S.W.3d 622 (2000); *Mallett v. State*, 330 Ark. 428, 954 S.W.2d 247 (1997), *Muhammed, supra*; *James v. State*, 329 Ark. 58, 945 S.W.2d 941 (1997); *Jackson v. State*, 325 Ark. 27, 923 S.W.2d 280 (1996).

■ Although Mr. Malone now resides in Denver, Colorado, he maintains a license to practice law in the State of Arkansas, and it must be concluded that he remains responsible for representing appellant Rogers. *See Atkins v. State*, 308 Ark. 675, 827 S.W.2d 636 (1992). This court has held that we will grant a motion for rule on the clerk when the attorney admits that the record was not timely filed due to an error on his part. *See, e.g., Terry v. State*, 288 Ark. 172, 702 S.W.2d 804 (1986). We have held that a statement that it was someone else's fault or no one's fault will not suffice. *Clark v. State*, 289 Ark. 382, 711 S.W.2d 162 (1986). Therefore, appellant's motion must be denied.

The clerk of this court is directed to provide Alvin Malone a copy of this *per curiam* by certified mail, return receipt requested, and to inform him that he has thirty days from the date of the order to file a motion and affidavit in this case accepting full responsibility for not timely filing the transcript, and upon filing same, the motion will be granted and a copy of the opinion will be forwarded to the Committee on Professional Conduct.

Motion for rule on the clerk denied.

CORBIN, J., not participating.