Jeremiah HOLLAND *v.* STATE of Arkansas

CR 04-735                    190 S.W.3d 904

Supreme Court of Arkansas
Opinion delivered September 9, 2004

Petitioner, *pro se.*

*Mike Beebe*, Att'y Gen., by: *David R. Raupp*, Sr. Ass't Att'y Gen., for respondent.

PER CURIAM. ■    On June 11, 1993, judgment was entered reflecting that Jeremiah Holland had been found guilty by a jury of murder in the first degree and sentenced to life imprisonment. Holland was represented at trial by his retained attorney, Frank E. Shaw. Mr. Shaw filed a timely notice of appeal from the judgment on June 28, 1993, in which he said the transcript had been ordered. Shaw did not perfect the appeal, and Holland now seeks to proceed with a belated appeal of the judgment. As the notice of appeal was timely filed, we treat the motion as a motion for rule on clerk to lodge the appeal rather than a motion for belated appeal. *See Johnson v. State*, 342 Ark. 709, 30 S.W.3d 715 ( 2000); *see also Muhammed v. State*, 330 Ark. 759, 957 S.W.2d 692 (1997).

■ ■   Rule 16 of the Rules of Appellate Procedure—Criminal provides in pertinent part that trial counsel, whether retained or court appointed, *shall* continue to represent a convicted defendant throughout any appeal, unless permitted by the trial court or the appellate court to withdraw in the interest of justice or for other sufficient cause. Shaw filed a notice of appeal and was thus obligated to represent Holland until such time as he was permitted by the appellate court to withdraw pursuant to Ark. Sup. Ct. R. 4-3(j)(1). Shaw did not act to protect petitioner's right to appeal, and thus petitioner was left without the effective appellate representation guaranteed to a convicted criminal defendant by the Sixth Amendment. See *Pennsylvania v. Finley*, 481 U.S. 551 (1987). The direct appeal of a conviction is a matter of right, and a State cannot penalize a criminal defendant by declining to consider his

or her first appeal when counsel has failed to follow mandatory appellate rules. *Franklin v. State*, 317 Ark. 42, 875 S.W.2d 836 (1994); *see Evitts v. Lucey*, 469 U.S. 387 (1985). It is well settled that under no circumstances may an attorney who has not been relieved by the court abandon an appeal. *Johnson, supra; Langston v. State*, 341 Ark. 739, 19 S.W.3d 619 (2000); *Ragsdale v. State*, 341 Ark. 744, 19 S.W.3d 622 (2000); *Mallett v. State*, 330 Ark. 428, 954 S.W.2d 247 (1997); *Muhammad, supra; James v. State*, 329 Ark. 58, 945 S.W.2d 941 (1997); *Jackson v. State*, 325 Ark. 27, 923 S.W.2d 280 (1996).

■ The motion to proceed with an appeal is granted. Petitioner Holland has appended to the motion for belated appeal an affidavit asserting his indigency. As the State has not contested that assertion, he will be permitted to proceed *in forma pauperis* on appeal. Our clerk will lodge the partial record which was filed with the motion for belated appeal. A writ of *certiorari* is issued to bring up within thirty days the remainder of the record for the appeal.[1]

■ Frank Shaw, who remains attorney-of-record, has also filed a motion asking to be relieved as counsel. Shaw entered into an agreement to discipline by consent with the Committee on Professional Conduct on April 19, 2004, pursuant to Section 20.B of the Arkansas Supreme Court Procedures Regulating Professional Conduct of Attorneys at Law (2002), in which he admitted that his conduct with respect to his representation of petitioner violated six model rules of conduct. Shaw was reprimanded and ordered to make restitution for the benefit of petitioner. In light of the reprimand, we find it appropriate to relieve Shaw. Attorney Leah B. Chavis is appointed to represent petitioner on appeal. As Mr. Shaw has already been disciplined by the Committee on Professional Conduct for his conduct in this case, a copy of this opinion will not be forwarded to the Committee for any additional action.

■ We note that petitioner has also asked that his sentence be vacated. That portion of the motion is denied inasmuch as a motion for belated appeal or rule on clerk does not provide a forum in itself to address the legality of a sentence.

---

[1] If the court reporter determines that the record has already been prepared for the appeal and delivered to Mr. Shaw, the reporter may contact Mr. Shaw and retrieve the transcript.

Motion for belated appeal treated as motion for rule on clerk and granted in part and denied in part; writ of *certiorari* issued; motion of Frank E. Shaw to be relieved as counsel granted.