Leon HARDEN III *v.* STATE of Arkansas

CR 06-966                                    240 S.W.3d 103

Supreme Court of Arkansas
Opinion delivered September 28, 2006

*Kearney Law Office*, by: *Jack R. Kearney*, for appellant.

No response.

PER CURIAM. On April 25, 2006, judgment was entered reflecting that appellant Leon Harden, III had been found guilty by a jury of possession of cocaine with intent to deliver. He was sentenced to 960 months' imprisonment. Harden was represented at

trial by his retained attorney, Jack R. Kearney. Mr. Kearney filed a timely notice of appeal from the judgment on May 10, 2006, but failed to file a record within ninety days of that notice. Instead, he filed a motion for enlargement of time to file the record on August 9, 2006. The circuit court's order of enlargement of time was entered on August 11, 2006, which was the ninety-third day after the notice of appeal was filed. This order of enlargement of time was, therefore, untimely. *See* Ark. R. App. P. – Crim. 4(a) (2006); Ark. R. App. P. – Civ. 5(b)(1) (2006). On August 23, 2006, the circuit judge filed a partial record in this matter to begin the appeal process. For the reasons set out in this opinion, we grant the motion for rule on clerk but deny the motion to be relieved as counsel.

Rule 16(a) of the Rules of Appellate Procedure – Criminal provides that trial counsel, whether retained or court appointed, *shall* continue to represent a convicted defendant throughout any appeal. Ark. R. App. P. 16(a) (2006). If a notice of appeal has been filed, exclusive jurisdiction rests in the appellate court to relieve or substitute counsel. *Id.* It is well settled that under no circumstances may an attorney fail to perfect an appeal by not filing the record when the convicted defendant desires to appeal. *Johnson v. State*, 342 Ark. 709, 30 S.W.3d 715 (2000) (*per curiam*); *Langston v. State*, 341 Ark. 739, 19 S.W.3d 619 (2000) (*per curiam*); *Ragsdale v. State*, 341 Ark. 744, 19 S.W.3d 622 (2000) (*per curiam*); *Muhammad v. State*, 331 Ark. 23, 957 S.W.2d 186 (1998) (*per curiam*); *Mallett v. State*, 330 Ark. 428, 954 S.W.2d 247 (1997) (*per curiam*); *Jackson v. State*, 325 Ark. 27, 923 S.W.2d 280 (1996) (*per curiam*).

In the instant case, Mr. Kearney filed a notice of appeal. Thus, under Rule 16, he was obligated to represent Harden until such time as he was permitted by the appellate court to withdraw. Mr. Kearney, however, did not act to protect appellant's right to appeal by filing the record in this case.

We hold, therefore, that Mr. Kearney was at fault for failing to file the record in this matter. *See McDonald v. State*, 356 Ark. 106, 146 S.W.3d 883 (2004). The motion for rule on clerk is granted. A copy of this opinion will be forwarded to the Committee on Professional Conduct. *Id.*

Mr. Kearney has also filed a motion to be relieved as counsel on the basis that the circuit judge remarked at a hearing on June 19, 2006, that he, as counsel, had failed to represent Harden properly. Mr. Kearney says he cannot continue to represent Harden as he has an actual or apparent conflict of interest. We disagree.

Harden has appealed his judgment of conviction on issues other than ineffective assistance of counsel. If Harden's judgment of conviction is affirmed, and if a petition under Arkansas Rule of Criminal Procedure 37 is filed based on ineffective assistance of counsel, that will be the time for a motion to be relieved as counsel to be filed. In the meantime, we hold that Mr. Kearney shall not be relieved as counsel. Should Harden wish to be declared indigent and for counsel to be appointed, he must file an affidavit of indigency under our Supreme Court Rule 6-6. Should he qualify as an indigent, counsel may be appointed for purposes of this appeal. The motion to be relieved as counsel is denied.