Patrick TROWBRIDGE  *v.*  STATE of Arkansas

CR 06-475                                        242 S.W.3d 613

Supreme Court of Arkansas
Opinion delivered November 9, 2006

*Woodworth Law Firm, PLC,* by: *Linda Woodworth,* for appellant.

No response.

PER CURIAM. Appellant Patrick Trowbridge entered guilty pleas to first-degree murder and kidnapping and received a sentence of 660 months' imprisonment. He filed a *pro se* petition for post-conviction relief under Rule 37.1, which the trial court denied. Trowbridge filed a *pro se* notice of appeal, tendered a partial record, and filed a *pro se* motion for belated appeal of the order denying post-conviction relief. On June 1, 2006, this court remanded the case for findings of fact and issued a writ of certiorari to complete the record, returnable by July 1, 2006. *Trowbridge v. State,* CR06-475 (Ark. June 1, 2006) (per curiam).

The trial court then issued an order with findings of fact. The court found that Linda Woodworth was appointed to represent Trowbridge in his Rule 37.1 petition and that she was aware that he wanted to appeal the denial of the petition. It found that Ms. Woodworth did not appeal the denial of the Rule 37.1 petition because she did not feel qualified to complete a criminal appeal. The trial court did not permit Ms. Woodworth to withdraw as counsel.

Subsequently, this court referred to the trial court's findings and further found that Ms. Woodworth had failed to file a timely notice of appeal, although she was obligated to represent appellant and perfect the appeal. *See Trowbridge v. State,* CR06-475 (Ark. Sept. 21, 2006) (per curiam). This court cited *McDonald v. State,* 356 Ark. 106, 146 S.W.3d 883 (2004), in that *per curiam* and found that an affidavit by an attorney admitting fault is not required before the court will consider a motion for belated appeal. This court also found that there was attorney error and forwarded a copy of the *per curiam* to the Supreme Court Committee on Professional Conduct. The record was filed and a briefing schedule was set.

Appellant's brief was due on October 31, 2006. On October 10, 2006, appellant filed a motion for leave to withdraw her

appearance as counsel and claimed that she has no experience in conducting a criminal appeal, that she does not have time to learn the proper procedure, and that she cannot adequately represent appellant.

We deny her motion. Rule 16 of the Rules of Appellate Procedure – Criminal provides that trial counsel, whether retained or court appointed, shall continue to represent a convicted defendant throughout any appeal to the Arkansas Supreme Court, unless permitted by the trial court or this court to withdraw in the interest of justice or for other sufficient cause. Neither court has permitted Ms. Woodworth to withdraw as counsel. As of this writing, no brief has been filed on behalf of appellant, and no request for an extension of time to file the brief has been requested.

It appears that Ms. Woodworth has essentially abandoned appellant's appeal. It is well settled that under no circumstances may an attorney who has not been relieved by this court abandon an appeal. *Rogers v. State*, 353 Ark. 359, 107 S.W.3d 166 (2003); *Johnson v. State*, 342 Ark. 709, 30 S.W.3d 715 (2000); *Ragsdale v. State*, 341 Ark. 744, 19 S.W.3d 622 (2000).

We further note that Ms. Woodworth has not shown good cause for being relieved of her obligation to represent appellant on appeal. *Atkins v. State*, 308 Ark. 675, 827 S.W.2d 636 (1992); *Fellows v. State*, 307 Ark. 564, 822 S.W.2d 845 (1992). We direct that Ms. Woodworth file appellant's brief within thirty days of this *per curiam*. A copy of this opinion shall be forwarded to the Committee on Professional Conduct.