Jerry PEREZ *v.* STATE of Arkansas

CR 07-139                                              251 S.W.3d 304

Supreme Court of Arkansas
Opinion delivered March 1, 2007

*Troy L. Whitlow*, for appellant.

No response.

PER CURIAM. Jerry Perez, by his attorney, Troy L. Whitlow, has filed a motion for belated appeal and for rule on clerk.[1]

On August 31, 2006, the circuit court entered a judgment and commitment order convicting Perez of robbery and theft of property and sentencing him to thirty years' imprisonment for robbery and twenty years' imprisonment for theft of property. On September 28, 2006, Mr. Whitlow filed Perez's notice of appeal and designation of the record from the judgment and commitment order. The record in this case was not tendered until February 12, 2007.

Arkansas Rules of Appellate Procedure – Civil 5(a) provides, in pertinent part:

> (a) *When filed.* The record on appeal shall be filed with the clerk of the Arkansas Supreme Court and docketed therein within 90 days from the filing of the first notice of appeal . . . .

This court recently clarified its treatment of motions for rule on clerk and motions for belated appeals in *McDonald v. State*, 356 Ark. 106, 146 S.W.3d 883 (2004). There we said:

> Where an appeal is not timely perfected, either the party or attorney filing the appeal is at fault, or there is good reason that the appeal was not timely perfected. The party or attorney filing the appeal is therefore faced with two options. First, where the party or attorney filing the appeal is at fault, fault should be admitted by affidavit filed with the motion or in the motion itself. There is no advantage in declining to admit fault where fault exists. Second, where the party or attorney believes that there is good reason the appeal was not perfected, the case for good reason can be made in the motion, and this court will decide whether good reason is present.

356 Ark. at 116, 146 S.W.3d at 891 (footnote omitted). While this court no longer requires an affidavit admitting fault before we will consider the motion, an attorney should candidly admit fault where

---

[1] As appellant's notice of appeal was timely filed, we treat the motion as a rule on clerk rather than a motion for belated appeal. *See Bell v. State*, CR 06-871 (Ark. Oct. 26, 2006); *see also Johnson v. State*, 342 Ark. 709, 30 S.W.3d 715 (2000).

he or she has erred and is responsible for the failure to perfect the appeal. *See id.* When it is plain from the motion, affidavits, and record that relief is proper under either rule based on error or good reason, the relief will be granted. *See id.* If there is attorney error, a copy of the opinion will be forwarded to the Committee on Professional Conduct. *See id.*

It is plain from the motion that there was error on Mr. Whitlow's part. The language of Ark. R. App. P. – Civ. 5(a) is clear. The time for filing the record may only be extended by an order of the circuit court. *See* Ark. R. App. P. – Civ. 5(a). There was no such extension in this case and the record was due to be filed with this court by December 28, 2006. Therefore, because the record was tendered after that date, we grant Perez's motion for rule on clerk and forward a copy of this opinion to the Committee on Professional Conduct.

Granted.