## Robert L. WANN *v.* STATE of Arkansas

CR 06-1423                                              255 S.W.3d 473

Supreme Court of Arkansas
Opinion delivered April 12, 2007

*John Joplin*, for appellant.

No response.

PER CURIAM. The Public Defender of the 12th Judicial District was appointed to represent Robert L. Wann on a petition to revoke a suspended imposition of sentence. The circuit court concluded that Wann violated the terms and conditions of his suspended sentence, and he was sentenced to three years in the Arkansas Department of Corrections with an additional suspended imposition of sentence of three years. The circuit court entered a judgment and commitment order on April 24, 2006. On January 11, 2007, we remanded this case, directing the circuit court to settle the record as to whether Wann advised his trial counsel, Mr. John Joplin and Ms. Rita Howard, that he wished to appeal within 30 days from the date the judgment was entered. *See* Ark. R. App. P. – Crim. 2(e) (2006).

The circuit court was untimely in tendering the findings due to inclement weather on the date of the scheduled hearing, January 31, 2007. The circuit court rescheduled the hearing and conducted it on February 16, 2007. The circuit court, thereafter, entered an order, almost a month later, on March 15, 2007, finding that Wann requested that his counsel file an appeal within 30 days. Wann now asks that we grant a belated return of the circuit court's finding. We grant Wann's motion to file the belated return and grant his request for a belated appeal.

Relief from the failure to perfect an appeal is provided as part of the appellate procedure granting the right to an appeal. *McDonald v. State*, 356 Ark. 106, 146 S.W.3d 883 (2004). Under Ark. R. App. P. – Crim. 16(a), once an attorney represents a defendant, the attorney is obligated to continue representing the defendant until relieved by the appropriate court. *See Hammon v. State*, 347 Ark. 267, 65 S.W.3d 853 (2002). There is no indication that Mr. Joplin or Ms. Howard was relieved by the trial court. Thus, Mr. Joplin was obligated to perfect the appeal and lodge the record in the appellate court. Under no circumstance may an attorney who had not been relieved by the court abandon the appeal. *See Roger v. State*, 353 Ark. 359, 107 S.W.3d 166 (2003) (*per curiam*).

In this case, Mr. Joplin admits responsibility for failing to perfect Wann's appeal, and he subsequently seeks to withdraw. This court clarified its treatment of motions for rule on the clerk and motions for belated appeals in *McDonald v. State*, 356 Ark. 106, 146 S.W.3d 883 (2004). There we said that there are only two possible reasons for an appeal not being timely perfected: either the party or attorney filing the appeal is at fault, or there is "good reason." *McDonald v. State*, 356 Ark. at 116, 146 S.W.3d at 891. We explained:

> Where an appeal is not timely perfected, either the party or attorney filing the appeal is at fault, or there is good reason that the appeal was not timely perfected. The party or attorney filing the appeal is therefore faced with two options. First, where the party or attorney filing the appeal is at fault, fault should be admitted by affidavit filed with the motion or in the motion itself. There is no advantage in declining to admit fault where fault exists. Second, where the party or attorney believes that there is good reason the appeal was not perfected, the case for good reason can be made in the motion, and this court will decide whether good reason is present.

*Id.*, 146 S.W.3d at 891 (footnote omitted). While this court no longer requires an affidavit admitting fault before we will consider the motion, an attorney should candidly admit fault where he has erred and is responsible for the failure to perfect the appeal. *See id.*

In accordance with *McDonald v. State, supra,* Mr. Joplin has candidly admitted fault. The motion is, therefore, granted. A copy of this opinion will be forwarded to the Committee on Professional Conduct.

Mr. Joplin, a full-time, state-salaried public defender, now asks to be relieved as counsel for appellant in this criminal appeal, based upon the case of *Rushing v. State*, 340 Ark. 84, 8 S.W.3d 489 (2000) (holding that full-time, state-salaried public defenders were ineligible for compensation for their work on appeal) and Ark. Code Ann. § 16-87-201 *et seq.* (1998).

Since the court's decision in *Rushing*, the law was changed by the General Assembly. Act 1370 of 2001 provides in part: "[P]ersons employed as full-time public defenders, who are not provided a state-funded secretary, may also seek compensation for appellate work from the Arkansas Supreme Court or the Arkansas Court of Appeals." That provision is now codified as Ark. Code Ann. § 19-4-1604(b)(2)(B) (Supp. 2001).

Mr. Joplin's motion states that he is provided with a full-time, state-funded secretary. Accordingly, we grant his motion to withdraw as attorney. Mr. David L. Dunagin will be substituted as attorney for Wann in this matter. We grant Mr. Dunagin 35 days from this opinion to file his abstract and brief.

Motions granted.