## Jeffrey L. BOEN  *v.*  STATE of Arkansas

CR 08-588                                          285 S.W.3d 667

Supreme Court of Arkansas
Opinion delivered June 19, 2008

*John Cameron Burnett,* for appellant.

No response.

PER CURIAM. Appellant Jeffrey L. Boen was convicted of theft of property, a class B felony, and criminal mischief, a class A misdemeanor, in the Johnson County Circuit Court. The judgment was filed for record on July 9, 2007. Boen's notice of appeal was filed on August 29, 2007, by new counsel, John Cameron Burnett. Trial counsel, Kenneth A. Hodges, tendered the record on May 16, 2008, which our clerk correctly declined to file.

Hodges moves this court to direct our clerk to file the record, arguing unavoidable casualty. Hodges states that he informed Boen of both the need to file a notice of appeal within

thirty days of the date of judgment and of the cost of the appeal. According to Hodges, Boen then elected to get another attorney. The notice of appeal was filed by Burnett.

■ In his motion for rule on clerk, Hodges argues that the judgment was filed of record on July 31, 2007. The notice of appeal supplied to this court says that "Jeffery L. Boen . . . appealed the Decree of the Circuit Court entered on July 19, 2007." The judgment furnished as an exhibit to this court is dated July 19, 2007, but is file marked July 31, 2007, which is timely. The motion for rule on clerk is granted.

■ Both Hodges and Burnett move the court to be relieved as counsel. By filing the notice of appeal, Burnett subjected himself to the court's jurisdiction and to the requirement of Rule 16. Ark. R. App. P.–Crim. 16(a). Although he was apparently relieved by an order included in the record, the trial court had no authority to relieve counsel after the notice of appeal was filed because exclusive jurisdiction to relieve rests with the appellate court. After he entered his appearance, Burnett effectively abandoned the appeal. It is well settled that under no circumstances may an attorney who has not been relieved by this court abandon an appeal. *Rogers v. State*, 353 Ark. 359, 107 S.W.3d 166 (2003). Because Burnett took the initiative to file the notice of appeal, he has the responsibility to pursue the appeal, and his motion to be relieved as counsel is denied. Because we find Burnett committed attorney error, we refer him to the Committee on Professional Conduct.

Burnett's motion to be relieved as counsel is denied; Hodges's motion to be relieved as counsel is granted; motion for rule on clerk is granted.