Robert MITCHEM *v.* STATE of Arkansas

CR 08-951 286 S.W.3d 679

Supreme Court of Arkansas
Opinion delivered September 4, 2008

*John Wesley Hall, Jr.*, for appellant.

No response.

PER CURIAM. Appellant Robert Mitchem, by and through his attorney, John Wesley Hall, Jr., moves this court for a belated appeal. Mr. Hall states that the record was not timely filed due to a mistake on his part. As Mitchem's notice of appeal was timely filed, we treat his motion as a motion for rule on clerk to lodge the appeal rather than a motion for belated appeal. *See Holland v. State*, 358 Ark. 366, 190 S.W.3d 904 (2004).

This court recently clarified its treatment of motions for rule on clerk and motions for belated appeals in *McDonald v. State*, 356 Ark. 106, 146 S.W.3d 883 (2004). There we said that there are only two possible reasons for an appeal not being timely perfected: either the party or attorney filing the appeal is at fault, or, there is "good reason." 356 Ark. at 116, 146 S.W.3d at 891. We explained:

> Where an appeal is not timely perfected, either the party or attorney filing the appeal is at fault, or there is good reason that the appeal was not timely perfected. The party or attorney filing the appeal is therefore faced with two options. First, where the party or attorney filing the appeal is at fault, fault should be admitted by affidavit filed with the motion or in the motion itself. There is no advantage in declining to admit fault where fault exists. Second, where the party or attorney believes that there is good reason the appeal was not

perfected, the case for good reason can be made in the motion, and this court will decide whether good reason is present.

*Id.*, 146 S.W.3d at 891 (footnote omitted). While this court no longer requires an affidavit admitting fault before we will consider the motion, an attorney should candidly admit fault where he has erred and is responsible for the failure to perfect the appeal. *See id.*

In accordance with *McDonald v. State, supra*, Mr. Hall has candidly admitted fault. The motion is, therefore, granted. Mr. Hall further states in his motion that he has already reported this error to the Committee on Professional Conduct. Nonetheless, as is our practice, a copy of this opinion will be forwarded to the Committee.

Motion granted.