SLIP OPINION

Cite as 2014 Ark. 490

# SUPREME COURT OF ARKANSAS

No. CR-14-921

| | | |
|---|---|---|
| CEDRICK PASCHAL | | **Opinion Delivered** November 20, 2014 |
| | APPELLANT | |
| V. | | APPEAL FROM THE COLUMBIA COUNTY CIRCUIT COURT [NO. CR-2009-263A-5] |
| STATE OF ARKANSAS | | HONORABLE HAMILTON H. SINGLETON, JUDGE |
| | APPELLEE | |
| | | MOTION FOR RULE ON CLERK TREATED AS MOTION FOR BELATED APPEAL; GRANTED. |

**PER CURIAM**

Appellant Cedrick Paschal, by and through his attorney, N. Mark Klappenbach, has filed a motion for rule on clerk with this court. He is seeking to appeal the sentencing order entered on August 1, 2014, revoking his suspended sentence for the offense of possession of a controlled substance for which he was sentenced to fifteen years in prison. Klappenbach, in the motion for rule on clerk, admits that the notice of appeal was untimely filed on September 10, 2014, due to his error with no fault attributable to the appellant. Because a timely notice of appeal was not filed, we treat the motion for rule on clerk as a motion for belated appeal, pursuant to Rule 2(e) of the Rules of Appellate Procedure–Criminal (2014). *See Holcomb v. State*, 2013 Ark. 313 (per curiam); *Gray v. State*, 2010 Ark. 216 (per curiam); *Johnson v. State*, 342 Ark. 709, 30 S.W.3d 715 (2000) (per curiam).

This court clarified its treatment of motions for rule on clerk and motions for belated

appeals in *McDonald v. State*, 356 Ark. 106, 146 S.W.3d 883 (2004). In that case, we said that there are only two possible reasons for an appeal not being timely perfected: either the party or attorney filing the appeal is at fault, or, there is "good reason." *Id*. at 116, 146 S.W.3d at 891. We explained as follows:

> Where an appeal is not timely perfected either the party or attorney filing the appeal is at fault, or there is good reason that the appeal was not timely perfected. The party or attorney filing the appeal is therefore faced with two options. First, where the party or attorney filing the appeal is at fault, fault should be admitted by affidavit filed with the motion or in the motion itself. There is no advantage in declining to admit fault where fault exists. Second, where the party or attorney believes there is good reason the appeal was not perfected, the case for good reason can be made in the motion, and this court will decide whether good reason is present.

*Id*. at 116, 146 S.W.3d at 891 (footnotes omitted). While this court no longer requires an affidavit admitting fault before we will consider the motion, an attorney should candidly admit fault where he has erred and is responsible for the failure to perfect the appeal. Here, in accordance with *McDonald*, Mr. Klappenbach has candidly admitted fault. Therefore, the motion for belated appeal is granted, and a copy of this opinion will be forwarded to the Committee on Professional Conduct.

It is so ordered.

*N. Mark Klappenbach*, for appellant.

No response.