David REAGAN *v.* STATE of Arkansas

RC 90-72                                    802 S.W.2d 451

Supreme Court of Arkansas
Opinion delivered January 22, 1991

*C.W. Knauts*, for appellant.

*Mary B. Stallcup*, Att'y Gen., by: *Ann Purvis*, Asst. Att'y Gen., for appellee.

PER CURIAM. The petitioner was convicted on June 22, 1990, of the offense of murder in the first degree and sentenced to forty years in the Arkansas Department of Correction. A timely notice of appeal was filed by his court appointed counsel on July 18, 1990, along with the designation of record.

After the notice of appeal was filed, petitioner informed his counsel that he was relieved of further responsibilities and on June 28, 1990, he filed a *pro se* motion for a new trial alleging, among other things, a conflict of interest with his counsel. Upon counsel's petition and an order of the circuit judge, the court appointed counsel was relieved of further duties and responsibilities in this case. The petitioner's *pro se* motion for a new trial was denied in December 1990. The circuit clerk tendered the transcript of the proceedings to the clerk of this court, but the transcript was not permitted to be filed by the clerk.

Pursuant to the Ark. Sup. Ct. R. 11(h):

> Any motion by counsel for a defendant in a criminal case for permission to withdraw made after notice of appeal has been given shall be addressed to this Court [Arkansas Supreme Court] and is to contain a statement of the reason for the request, and shall be served upon the defendant appealing . . .

Under this rule, the petitioner's counsel should have addressed his request for withdrawal to this court.

■ This court has held that we will grant a motion for rule on the clerk when the attorney admits that the record was not timely filed due to an error on his part. *See Shuffield* v. *State*, 292 Ark. 185, 729 S.W.2d 11 (1987). Here, the attorney does not admit fault on his part but instead implies that he had been discharged from his duties. We have held that a statement that it was someone else's fault or no one's fault will not suffice. *Clark* v. *State*, 289 Ark. 382, 711 S.W.2d 162 (1986). Therefore, the petitioner's motion must be denied.

If the appellant's attorney files a motion and affidavit in this case accepting full responsibility for not timely filing the transcript, then the motion will be granted and a copy of the opinion will be forwarded to the Committee on Professional Conduct.