David REAGAN *v.* STATE of Arkansas

CR 94-237                                          872 S.W.2d 396

Supreme Court of Arkansas
Opinion delivered March 28, 1994

*Paul H. Lee*, for appellant.

No response.

PER CURIAM. On June 22, 1990, David Reagan was convicted of first-degree murder and sentenced to life in prison. His counsel, C.W. Knauts, filed a timely notice of appeal. Mr. Reagan then moved *pro se* for a new trial in which he alleged Mr. Knauts had a conflict of interest. Mr. Knauts petitioned the Trial Court to be relieved of further representation of Mr. Reagan. The petition was granted. Mr. Reagan's motion for a new trial was denied.

A transcript of the trial was tendered to the Clerk of this Court by the Circuit Clerk. The Clerk of the Supreme Court refused to docket the transcript because it was tendered too late. Mr. Reagan moved for a rule on the clerk. We denied the motion because Ark. Sup. Ct. R. 11(h), now Rule 4-3(j)(1), required that a motion to be relieved as counsel after the filing of a notice of appeal be submitted to this Court rather than to the Trial Court. Although we did not say so directly, the clear implication of our

opinion was that, as the Trial Court had no authority to relieve Mr. Knauts, he remained responsible for perfecting the appeal.

Our opinion concluded by stating that if Mr. Knauts would file a motion with an affidavit admitting his fault in not filing the transcript on time we would grant the motion for rule on the clerk and forward a copy of the opinion to the Committee on Professional Conduct. *Reagan* v. *State*, 304 Ark. 331, 802 S.W.2d 451 (1991). Three years have now passed, and Mr. Knauts has filed no further motion.

Mr. Reagan has moved for a belated appeal. A motion for belated appeal is superfluous at this point because a timely notice of appeal was filed. We will, therefore, treat the motion as one for rule on the clerk. *Strode* v. *State*, 301 Ark. 351, 783 S.W.2d 859 (1990). Mr. Reagan's current counsel, Paul H. Lee, has been appointed to represent Mr. Reagan in federal court proceedings and represents Mr. Reagan with respect to this motion. It is clear that, but for Mr. Knauts's failure to follow the rules of this Court in his initial quest to be removed as counsel and then failing to file an appeal on behalf of Mr. Reagan in response to our earlier opinion, Mr. Reagan's appeal would have been heard.

The direct appeal of a conviction is a matter of right, and a state cannot penalize a criminal defendant by dismissing his first appeal as of right when his appointed counsel has failed to follow mandatory appellate rules. *Evitts* v. *Lucey*, 469 U.S. 387 (1985). To cut off a defendant's right to appeal because of his attorney's failure to follow rules would violate the Sixth Amendment right to effective assistance of counsel. *Evitts* v. *Lucey, supra. See also Pennsylvania* v. *Finley*, 481 U.S. 551 (1987).

C.W. Knauts is relieved as counsel and Paul H. Lee is appointed to represent Mr. Reagan.

A copy of this opinion will be forwarded to the Committee on Professional Conduct.

Motion granted.