Ricky FRANKLIN *v.* STATE of Arkansas

CR 94-407                                   875 S.W.2d 836

Supreme Court of Arkansas
Opinion delivered May 9, 1994

*Appellant*, pro se.

No response.

Per Curiam. In 1992 petitioner Ricky Franklin was found guilty by a jury of two counts of burglary and sentenced to two consecutive terms of imprisonment of twenty years. A fine of $20, 000.00 was also imposed. Petitioner was represented at trial by his retained attorney, C.P. Christian, who filed a timely notice of appeal of the judgment. The appeal was not perfected, and petitioner has now tendered a partial record of the lower court proceedings with a motion for rule on clerk, asking that the appeal be allowed to proceed.

Criminal Procedure Rule 36.26 provides that trial counsel, whether retained or court appointed, shall continue to represent a convicted defendant throughout appeal, unless permitted by the trial court or this court to withdraw. Once the notice of appeal is filed with the circuit clerk only the appellate court can relieve counsel of the obligation to proceed with the appeal. Sup. Ct. Rule 4-3 (j) (1).[1] A convicted defendant can waive his right to appeal by not informing counsel that he desires to appeal, but the timely filing of a notice of appeal in the instant case clearly demonstrates that petitioner did not waive his appeal right. *See Miller* v. *State*, 299 Ark. 548, 775 S.W.2d 79 (1989). Attorney Christian did not receive permission from the appellate court to be relieved of his obligation to proceed with the appeal and

---

[1]When petitioner was convicted in 1992, Supreme Court Rule 11 (h) was in effect. Rule 11 (h) in all pertinent respects was identical to Rule 4-3 (j) (1) in its requirement that counsel be relieved by the appellant court once notice of appeal had been given.

thus appears to have abandoned the appeal. The direct appeal of a conviction is a matter of right, and a state cannot penalize a criminal defendant by declining to consider his first appeal when his counsel has failed to follow mandatory appellate rules. *See Reagan* v. *State*, 316 Ark. 511, 872 S.W.2d 396 (1994), citing *Evitts* v. *Lucey*, 469 U.S. 387 (1985). To cut off a defendant's right to appeal because of his attorney's failure to follow rules would violate the Sixth Amendment right to effective assistance of counsel. *Evitts* v. *Lucey, supra. See also Pennsylvania* v. *Finley*, 481 U.S. 551 (1987).

■ Mr. Christian shall be directed by a separate Per Curiam order to appear before this court on June 6, 1994, at 9:00 a.m. and show cause why he should not be held in contempt of this court for failure to lodge the record on appeal in a timely manner, or in the alternative, to file a motion to be relieved as counsel in the appeal in accordance with the prevailing rules of procedure in a criminal case. The *pro se* motion for rule on clerk filed by petitioner will remain pending until the show cause hearing is completed.

Motion pending.