Phillip SCHALCHLIN *v.* STATE of Arkansas

CR 93-270                                      885 S.W.2d 1

Supreme Court of Arkansas
Opinion delivered September 12, 1994

*Claudell Woods*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Clint Miller*, Senior Asst. Att'y Gen., for appellee.

PER CURIAM. In 1992 Phillip Schalchlin was found guilty by a jury of rape and sentenced to thirty years imprisonment. He was represented at trial by his retained attorney Claudell Woods. No appeal was taken, and Schalchlin, acting *pro se*, sought a belated appeal pursuant to Criminal Procedure Rule 36.9. This court granted the motion, accepted Schalchlin's assertion of indigency, and appointed Woods to represent him in the appeal.

In February 1994 Woods filed a motion asking that this court permit the record on appeal to be lodged belatedly on the ground that he had the record in his possession in January 1994 but thought some other person, whom he did not name, would lodge it. We denied the motion on April 11, 1994, but said that if Woods would concede that he was at fault for the late tender of the record or present some good cause for the failure to lodge the record in a timely fashion, the record would be lodged so that the appeal could proceed. *Schalchlin* v. *State*, CR 93-270 (April 11, 1994). Woods has not filed a second motion accepting fault

or alleging some good cause for the late tender of record, and the State now seeks to have the appeal dismissed.

The direct appeal of a criminal conviction is a matter of right, and this court will not penalize a criminal defendant by dismissing his first appeal of right when his appointed counsel has failed to follow mandatory rules. *Reagan* v. *State*, 316 Ark. 511, 872 S.W.2d 396 (1994), citing *Evitts* v. *Lucey*, 469 U.S. 387 (1985). As we noted in *Reagan* where counsel had failed to file a second motion accepting fault or stating good cause for his failure to tender a timely record and wherein this court permitted the late filing of the record three years after the counsel's first motion was denied, to cut off a defendant's right to appeal because of counsel's failure to act to perfect the appeal would violate the Sixth Amendment right to effective assistance of counsel. *Reagan, supra*, citing *Evitts* v. *Lucey, supra*, and *Pennsylvania* v. *Finley*, 481 U.S. 551 (1987).

An order shall be issued this day directing attorney Woods to appear before this court on Monday, October 3, 1994, at 9:00 a.m. to show cause why he should not be held in contempt for the failure to act in this matter.

Motion denied.