Brenda J. YOUNG *v.* STATE of Arkansas

CR 94-850                                             884 S.W.2d 591

Supreme Court of Arkansas
Opinion delivered October 10, 1994

*Appellant*, pro se.

No response.

PER CURIAM. On May 11, 1993, petitioner Brenda J. Young was found guilty by a jury of aggravated robbery and theft and sentenced to concurrent terms of twenty and five years imprisonment. On May 27, 1993, her appointed attorney Claudell Woods filed a timely notice of appeal from the judgment. The record has not yet been tendered to the appellate court. Petitioner Young has filed a *pro se* motion styled "motion for belated appeal." Because there was a timely notice of appeal filed in the case, we will treat the motion as a motion for rule on clerk to lodge the record belatedly.

In an affidavit filed in response to the motion, Mr. Woods states that he filed the notice of appeal as he told petitioner after trial would be done and erroneously believed that the filing of the

notice of appeal constituted a request for the transcript. He further states that he made the same error in the case of *Undra Sumlin* v. *State*, a case in which this court found that Mr. Woods had failed to render effective assistance of counsel in that he failed to perfect the appeal properly. *Sumlin* v. *State*, CR 94-362 (May 2, 1994). He asks that petitioner's request for a belated appeal be granted, conceding that his conduct amounted to "neglect."

The *pro se* motion is granted. As we said when we directed the appeal to proceed in *Sumlin*, the direct appeal of a judgment of conviction is a matter of right, and a state cannot penalize a criminal defendant by declining to permit his appeal when his appointed counsel has failed to follow mandatory appellate rules. *Reagan* v. *State*, 316 Ark. 511, 872 S.W.2d 396 (1994), citing *Evitts* v. *Lucey*, 469 U.S. 387 (1985). Criminal Procedure Rule 36.26 provides:

> Trial counsel, whether retained or court appointed, shall continue to represent a convicted defendant throughout any appeal to the Arkansas Supreme Court, unless permitted by the trial court or the Arkansas Supreme Court to withdraw in the interest of justice or for other sufficient cause.

Once the notice of appeal was filed, Mr. Woods was obligated to either perfect the appeal or proceed in this court on a motion to be relieved as counsel. He did neither and remains responsible for representing petitioner Young. *See Atkins* v. *State*, 308 Ark. 675, 827 S.W.2d 636 (1992).

Counsel Woods is directed to file in this court within ten days an appropriate petition for writ of certiorari designating that portion of the record necessary for the appeal of the judgment.

A copy of this opinion will be forwarded to the Committee on Professional Conduct.

Motion for rule on clerk granted.