Johnny Paul DODSON *v.* STATE of Arkansas

CR 02-878                                                                    146 S.W.3d 893

Supreme Court of Arkansas
Opinion delivered February 12, 2004

*Hurst & Morrissey, P.L.L.C.*, by: *Q. Byrum Hurst*, for petitioner.

*Mike Beebe*, Att'y Gen., by: *Clayton K. Hodges*, Ass't Att'y Gen., for respondent.

PER CURIAM. Johnny Paul Dodson was found guilty by a jury of possession of a controlled substance and sentenced as a habitual offender to life imprisonment. Dodson lodged an appeal from the judgment in this court on August 21, 2002. His attorney, Q. Byrum Hurst, was scheduled to file the appellant's brief on September 30, 2002.

Counsel filed a series of motions for extensions of time to file the brief which were granted. The brief was not timely filed, however, and counsel sought leave to file a belated brief, which we granted on March 6, 2003. The appellee subsequently filed a motion to direct compliance with Ark. Sup. Ct. R. 4-3(h). The motion was granted on May 15, 2003, and appellant was allowed until June 24, 2003, to submit a complying brief.

Counsel sought another extension of time and was allowed until June 29, 2003, to submit the brief. (Counsel was notified at that time that no further extensions would be granted.) When the brief was tendered on Monday, June 30, 2003, it contained only an abstract and was accordingly returned to be corrected. The brief was due July 7, 2003, but not filed.

On July 24, 2003, the appellee filed a motion to dismiss the appeal on the ground that counsel had failed to file a brief or request leave to file a belated brief. Counsel did not respond to the appellee's motion, and we granted it by *per curiam* order entered September 4, 2003.

On December 22, 2003, appellee Dodson filed the instant *pro se* motion in which he urges this court to reinstate the appeal because he was denied effective assistance of counsel by his attorney's failure to file a brief that conformed to the rules of this court. We find merit in appellant's argument and reinstate the appeal.

■ Mr. Hurst did not act to protect appellant's right to appeal and thus denied him the effective appellate representation guaranteed to a convicted criminal defendant by the Sixth Amend-

ment. *See Pennsylvania v. Finley*, 481 U.S. 551 (1987). The direct appeal of a conviction is a matter of right, and a State cannot penalize a criminal defendant by declining to consider his or her first appeal when counsel has failed to follow mandatory appellate rules. *Franklin v. State*, 317 Ark. 42, 875 S.W.2d 836 (1994); *see Evitts v. Lucey*, 469 U.S. 387 (1985).

Because Mr. Hurst has not been relieved as counsel, he remains attorney-of-record and responsible for the appeal. He is directed to file within seven days of the date of this opinion a motion to file a belated brief. Mr. Hurst is further directed to appear before this court on Thursday, February 26, 2004, at 9. a.m, and show cause why he should not be held in contempt for his failure to protect appellant's right to a first appeal.

Motion granted.