Warren CAMP *v.* STATE of Arkansas

CR 04-1368                                    207 S.W.3d 454

Supreme Court of Arkansas
Opinion delivered April 21, 2005

*Norwood & Norwood,* by: *Doug Norwood* and *Susan Lusby,* for petitioner.

No response.

PER CURIAM. Petitioner Warren Camp filed a certified partial record and a petition for writ of certiorari to complete the record on December 17, 2004. On March 3, 2005, this court denied Camp's petition for a writ of certiorari to complete the record because he failed to show that he could not have obtained an order extending the time for completing the record from December 21, 2004, to December 27, 2004, the final deadline within which the record could be lodged. Petitioner Camp now brings a verified petition for rehearing, arguing that December 27, 2004, fell directly between Christmas and New Year's Day, and he would not have been able to get a hearing at that time of year because the trial court was trying two felony jury trials during the first two weeks of December. Petitioner further asserts that the court was closed from December 23, until December 27, 2004. Finally, Petitioner maintains that the court reporter stated by affidavit that it would have been impossible to complete the transcript by December 27, 2004, due to work other transcripts and the Holiday Season. We remand the matter to the circuit court for a hearing.

The notice of appeal states that Camp is appealing from the order and judgment filed May 25, 2004, but it actually was a memorandum order signed on May 24, 2004, and filed on May 25, 2004. Then, a judgment and commitment order dated May 24, 2004, was filed on July 2, 2004. On September 10, 2004, petitioner was granted an extension of time for filing the record on appeal to December 21, 2004, which was four days before the expiration of seven months from the filing of the memorandum order.[1] The court reporter, by affidavit dated December 12, 2004, stated that she would be unable to complete the transcript by the December 21 deadline. This court again notes that this same court reporter has had problems in providing records in other cases on appeal.

■ Under Ark. R. App. P. – Civ. 5(b), the trial court has authority to grant more than one extension of the time for filing a record on appeal, providing that the order granting another extension is entered "before the expiration of the period . . . extended by a previous order." However, Rule 5(b) provides that in no event shall the time be extended more than seven months from the date of the entry of the judgment. This court has consistently stated that it expects compliance with this rule so that unnecessary delays will be eliminated. *Coggins v. Coggins,* 353 Ark. 431, 108 S.W.3d 588 (2003).

■ In *Murphy v. Dumas,* 343 Ark. 608, 36 S.W.3d 351 (2001) (per curiam), this court observed that the following requirements must be met before the trial court can enter an order of extension: (1) the appellant must request the extension; (2) notice must be given to the appellee; (3) a hearing must be held on the request; and (4) the trial court must make findings to support an extension. Ark. R. App. P. – Civ. 5(b) was amended to incorporate the holding in *Murphy,* 343 Ark. 608, 36 S.W.3d 351, to allow an appellant to obtain relief from this court "if he or she cannot obtain an extension order prior to the applicable deadline." *Coggins, supra.* (Addition to Reporter's Notes, 2003 Amendment).

---

[1] This court notes that the judgment and commitment order was filed on July 2, 2004, and normally the seven-month period begins to run from the date of the entry of the judgment. However, the notice of appeal in this case states Camp appeals from the order and judgment rendered on May 24, 2004, and file-marked on May 25, 2004. Regardless, the petition would be denied.

■ This court remands the matter to the circuit court to determine if Camp: (1) made a showing that he was unable to obtain entry of an order from the trial court extending the time to file the record; (2) requested an order of extension beyond the December 12, 2004 deadline; and (3) demonstrated that he was unable to obtain an additional order of extension in the trial court prior to seeking a writ of certiorari from this court.

■ The direct appeal of a criminal conviction is a matter of right, and a state cannot penalize a criminal defendant by declining to consider his or her first appeal when counsel has failed to follow mandatory appellate rules. *Holland v. State,* 358 Ark. 366, 190 S.W.3d 904 (2004) (*per curiam*): *Franklin v. State,* 317 Ark. 42, 875 S.W.2d 836 (1994)(*per curiam*).

Because this court remands for a hearing, we need not address Petitioner's arguments concerning instructions that counsel file an affidavit either accepting responsibility for failing to comply with Rule 5(b) or stating the reasons why counsel was unable to obtain a second order of extension before seeking a writ in this court.

Remanded.