Keith Alan PETRAS *v.* STATE of Arkansas

CR 05-839                                       214 S.W.3d 264

Supreme Court of Arkansas
Opinion delivered September 29, 2005

*Lisa Parks*, for appellant.

No response.

PER CURIAM. The judgment in this case was entered January 4, 2005, and appellant filed notice of appeal on February

2, 2005. Appellant then filed a motion to extend the time to file the record on May 2, 2005. On the same day the court conducted a hearing and entered an order extending the time for filing the record to August 3, 2005, one day before the expiration of the seven-month period. On August 1, 2005, appellant filed a certified partial record and a petition for writ of certiorari to complete the record within thirty days. His attorney states, in her petition, that the court reporter has notified counsel that she is unable to complete the transcript within the statutory time allowed due to demands of the trial court docket. The court reporter is Kathryn F. Pierson of Bentonville, Arkansas.

Ark. R. App. P.–Civ. Rule 5(b)(2) provides that in no event shall the time for filing the record on appeal be extended more than seven months from the date of the entry of the judgment. This court has consistently stated that it expects compliance with this rule so that unnecessary delays will be eliminated. *Coggins v. Coggins,* 353 Ark. 431, 108 S.W.3d 588 (2003). Yet, to date, a complete record has neither been filed nor tendered for filing, and it is now 56 days past the August 4 deadline, well past the thirty days requested. It is also noted that in the past 14 months, in at least five other cases in this court, petitions for writs of certiorari have been granted, extending the due dates for filing the complete record from 70 days to more than 120 days past the seven-month period, because Ms. Pierson was unable to meet the deadlines. The five cases are: CR04-1368 Warren Camp v. State of Arkansas; CR04-817 Wayne Bowker v. State of Arkansas; CA04-90 Sharon White v. Randy Mattingly; CACR04-350 Francisco Bartes Palma v. State of Arkansas; and, CACR04-1315 Michael L. Venn v. State of Arkansas.

The direct appeal of a criminal conviction is a matter of right, and a state cannot penalize a criminal defendant by declining to consider his or her first appeal when counsel has failed to follow mandatory appellate rules. *Holland v. State,* 358 Ark. 366, 190 S.W.3d 904 (2004) *(per curiam); Franklin v. State,* 317 Ark. 42, 875 S.W.2d 836 (1994) *(per curiam).* Here, counsel has complied with the four requirements of *Coggins;* (1) the appellant must request the extension; (2) notice must be given to the appellee; (3) a hearing must be held on the request; and (4) the trial court must make findings to support an extension. However, this court is concerned that Ms. Pierson continues to have difficulty in preparing and filing

records in a timely manner. We therefore grant the petition for writ of certiorari to complete the record, a final extension, directing the court reporter to complete the record within thirty days. We also refer this matter to the State Board of Court Reporter Examiners for appropriate review.

GLAZE, J., dissents.

HANNAH, C.J., not participating.

TOM GLAZE, Justice, dissenting. The court reporter in this case has again obtained the maximum seven-months' extension to file a complete record. This court's per curiam sets out at least five other appeals filed in 2004 in which the same court reporter was unable to furnish a compete record within the seven-month period required under Rule 5(b).

Here, the trial court granted the appellant seven months, and at the same time appellant filed a partial record and asked for another thirty days via a petition for writ of certiorari from our court. In *Coggins v. Coggins*, 354 Ark 431, 108 S.W. 3d 588 (2003), the court made it clear that the procedures provided in Rule 5(b) would not be circumvented by filing a scant partial record in this court at the last minute.

While the court in its per curiam states the appellant complied with the four requirements in *Coggins*, the appellant's only reason for failing to lodge a complete record was that "the court reporter has indicated the record cannot be prepared in such time to have it lodged by the current due date." The trial court summarily found that the "extension is necessary in order to allow the court reporter to finish compiling the record." These summary remarks, in no way *explain the reasons* for requesting an extension. Again as this court said in *Coggins*, it does not view the granting of extensions as mere formality, and this court will strictly enforce the requirements of Rule 5(b).

This court is slow to intercede in matters involving a court reporter's preparation of a record on appeal because that responsibility is best overseen by the trial judge, as is provided under Rule 5(b). However, when delays tend to become a common matter in a judicial district, it behooves this court to inquire why the delays are recurring and what can be done to remedy the problem. For these reasons, and because this appeal is now before this court

requesting a further extension, I would have the appellant and the court reporter appear and show why the appellant continues to require extensions and why a complete record has yet to be tendered to this court's clerk. Sending this matter to our court reporter's committee is certainly appropriate in this case, but it does little to resolve the issues in this case. While the appellant is clearly entitled to an appeal and will be allowed one, the court should first set an immediate date for a hearing so these issues can be resolved.