Moses JONES  *v.*  STATE of Arkansas

CR 06-988                                                239 S.W.3d 483

Supreme Court of Arkansas
Opinion delivered September 21, 2006

*Fernando Padilla, II*, for appellant.

No response.

PER CURIAM. Appellant Moses Jones filed a motion for rule on clerk to file his record and have his appeal docketed. The clerk refused to docket the appeal based on a failure to comply with Ark. R. App. P.–Civ. 5(b). Rule 5(b) concerns the extension of time within which to file the record and provides:

> (1) If any party has designated stenographically reported material for inclusion in the record on appeal, the circuit court, by order entered before expiration of the period prescribed by subdivision (a) of this rule or a prior extension order, may extend the time for filing the record only if it makes the following findings:

> (A) The appellant has filed a motion explaining the reasons for the requested extension and served the motion on all counsel of record;

> (B) The time to file the record on appeal has not yet expired;

> (C) All parties have had the opportunity to be heard on the motion, either at a hearing or by responding in writing;

> (D) The appellant, in compliance with Rule 6(b), has timely ordered the stenographically reported material from the court reporter and made any financial arrangements required for its preparation; and

> (E) An extension of time is necessary for the court reporter to include the stenographically reported material in the record on appeal.

See *Petras v. State*, 363 Ark. 373, 214 S.W.3d 264 (2005); *Camp v. State*, 362 Ark. 100, 207 S.W.3d 454 (2005).

The circuit judge found that appellant had shown good cause for granting an extension of time, and he extended the deadline to September 4, 2006; however, there is nothing in the order to indicate that "[a]ll parties have had the opportunity to be heard on the motion, either at a hearing or by responding in writing," as required by Ark. R. App. P.–Civ. 5(b)(1)(C).

This court has made it very clear that we expect strict compliance with the requirements of Rule 5(b), and that we do not view the granting of an extension as a mere formality. *See*

*Petras, supra.* Accordingly, we remand this matter to the circuit judge for compliance with Rule 5(b)(1)(C).

Remanded.

GUNTER, J., concurring.

GLAZE, J., not participating.

JIM GUNTER, Justice, concurring. While I agree our rules require the majority decision, I write because it is time to overhaul Rule 5(b)(1)(C) of the Arkansas Rules of Appellate Procedure – Civil.

Article 2 § 13 of the Arkansas Constitution states:

> Every person is entitled to a certain remedy in the laws for all injuries or wrongs he may receive in his person, property or character; he ought to obtain justice freely, and without purchase; completely, and without denial; promptly and without delay; conformably to the laws.

In this case, we are requiring strict compliance with a rule when neither litigant has objected. We want an order from the Circuit Court stating that, as a minimum, the parties have had an opportunity to be heard. However, the parties have little to do with the real problem, that is, the court reporter's time. Under our current rule, when the court reporter needs more time to finish the transcript, we interrupt the work of completing the transcript in order to have a hearing to determine whether to authorize more time for completion of the transcript. When the court reporter is unable to get it all done on time, why extend the time by requiring extra work not requested by either party?

I suggest a review of our rule with a view to practicality balanced against the standard of our constitution which promises "justice freely" and "without delay."