Brian VINSON *v.* STATE of Arkansas

CR 07-495                                        258 S.W.3d 726

Supreme Court of Arkansas
Opinion delivered June 14, 2007

*F. Parker Jones III*, for appellant.

No response.

PER CURIAM. Appellant Brian Vinson, by and through his attorney, F. Parker Jones III, has filed a motion for rule on clerk. On April 26, 2006, Vinson was sentenced to thirty-eight years in the Arkansas Department of Correction for aggravated assault, aggravated robbery, and theft of property. Vinson's trial attorney, Thomas Burns, timely filed a notice of appeal on May 24, 2006. The due date for lodging the record expired on August 21, 2006, and no motion for extension of time was filed. On August 23, 2006, the circuit court entered an order, which declared Vinson indigent and appointed Parker Jones as the attorney on appeal. The docket sheet reveals that a partial record was tendered on May 16, 2007.

Pursuant to Rule 16 of the Arkansas Rules of Appellate Procedure – Criminal, "[a]fter the notice of appeal of a judgment of conviction has been filed, the appellate court shall have exclusive jurisdiction to relieve counsel and appoint new counsel." Ark. R. App. P. – Crim. 16 (2007). Additionally, once the notice of appeal is filed with the circuit clerk, only the appellate court can relieve counsel of the obligation to proceed with the appeal. *Franklin v. State*, 317 Ark. 42, 875 S.W.2d 836 (1994).

With regard to Vinson's motion for rule on clerk, this court clarified its treatment of motions for rule on clerk in *McDonald v. State*, 356 Ark. 106, 146 S.W.3d 883 (2004). There we said that there are only two possible reasons for an appeal not being timely perfected: either the party or attorney filing the appeal is at fault, or, there is "good reason." 356 Ark. at 116, 146 S.W.3d at 891. We explained:

> Where an appeal is not timely perfected, either the party or attorney filing the appeal is at fault, or there is good reason that the appeal was not timely perfected. The party or attorney filing the appeal is therefore faced with two options. First, where the party or attorney filing the appeal is at fault, fault should be admitted by affidavit filed with the motion or in the motion itself. There is no advantage in declining to admit fault where fault exists. Second, where the party or attorney believes that there is good reason the appeal was not perfected, the case for good reason can be made in the motion, and this court will decide whether good reason is present.

*Id.*, 146 S.W.3d at 891 (footnote omitted). While this court no longer requires an affidavit admitting fault before we will consider the motion, an attorney should candidly admit fault when he has erred and is responsible for the failure to perfect the appeal. *See id.*

■ Here, it is plain from Vinson's motion that Burns failed to file the record before the ninety days expired on August 21, 2006, as required by Ark. R. Civ. P. 5(a) (2007). Two days later, the circuit court appointed Jones as counsel, but under *Franklin, supra,* the circuit court did not have jurisdiction to enter that order, as the notice of appeal had already been filed. The motion for rule on clerk is granted. If Vinson wishes to pursue an appeal without Burns as counsel, Burns must file a motion to withdraw with our court. At that time, Vinson may file a request for indigency and affidavit of indigency under Ark. Sup. Ct. R. 6-6, or Jones may file a motion for substitution of counsel. A copy of this opinion will be forwarded to the Committee on Professional Conduct.

Motion granted.