Lloyal Willie BRYANT  *v.*  STATE of Arkansas

CR 08-1033                                          287 S.W.3d 599

Supreme Court of Arkansas
Opinion delivered September 25, 2008

*Michael Hodson,* for appellant.

No response.

PER CURIAM. Appellant Lloyal Willie Bryant, by and through his attorney, Michael Hodson, has filed a motion for rule on clerk. Appellant was convicted of two counts of rape and two counts of sexual assault in the second degree. He was sentenced to life imprisonment on the first two counts and a term of forty (40) years on the second two counts, to be served concurrently. The judgment and commitment order was entered on May 5, 2008. Appellant timely filed a notice of appeal from the judgment order on May 29, 2008. The time for filing the record on appeal expired on August 27, 2008. *See* Ark. R. App. P.–Civ. 5(a), applicable pursuant to Ark. R. App. P.–Crim. 4(a). Appellant's tender of the record on August 28, 2008, was, therefore, untimely.

Despite Appellant's failure to properly perfect this appeal, the State cannot penalize a criminal defendant by declining to consider his first appeal when counsel has failed to follow appellate rule. *Franklin v. State,* 317 Ark. 42, 875 S.W.2d 836 (1994) (per curiam). In *McDonald v. State,* 356 Ark. 106, 146 S.W.3d 883 (2004), we clarified our treatment of motions for rule on clerk and motions for belated appeals.

> Where an appeal is not timely perfected, either the party or attorney filing the appeal is at fault, or there is good reason that the appeal was not timely perfected. The party or attorney filing the appeal is therefore faced with two options. First, where the party or attorney

filing the appeal is at fault, fault should be admitted by affidavit filed with the motion or in the motion itself. There is no advantage in declining to admit fault where fault exists. Second, where the party or attorney believes that there is good reason the appeal was not perfected, the case for good reason can be made in the motion, and this court will decide whether good reason is present.

*Id.* at 116, 146 S.W.3d at 891 (footnote omitted). While we no longer require an affidavit admitting fault before we will consider the motion, an attorney should candidly admit fault where he has erred and is responsible for the failure to perfect the appeal. *See id.*, 146 S.W.3d at 891.

Mr. Hodson does not admit fault, but his fault is clear from the record. Therefore, we direct the clerk of this court to accept the record and docket the appeal, and we refer the matter to the Committee on Professional Conduct.

Motion granted.