Victor RASMUSSEN *v.* STATE of Arkansas

CR 08-1319                                          289 S.W.3d 465

Supreme Court of Arkansas
Opinion delivered December 11, 2008

*Justin B. Hurst,* for appellant.

No response.

PER CURIAM. Appellant Victor Rasmussen, by and through his attorney, Justin B. Hurst, has filed a motion for rule on clerk. On March 21, 2008, a jury found Appellant Victor Rasmussen guilty of sexual assault in the first degree for which he was sentenced to 180 months, and sexual assault in the fourth degree, for which he was sentenced to 72 months. The judgment was entered on March 24, 2008. Appellant timely filed a notice of appeal on April 14, 2008. Pursuant to Ark. R. App. P.–Civ. 5(a), which is applicable pursuant to Ark. R. App. P.–Crim. 4(a), the deadline for filing the record on appeal was July 13, 2008.

Appellant timely filed a motion to extend the time within which to file the record in this court, on June 11, 2008, requesting an additional ninety (90) days. However, the order granting his motion was never filed with the circuit court clerk's office and did not comply with Rule 5(b)(1)(C) of the Rules of Appellate Procedure–Civil in that it failed to show that all parties had an opportunity to be heard on the motion. Although the Appellant timely filed his motion for extension of time to file the record, the order granting his motion was never filed making the Appellant's tender of the record on October 10, 2008, untimely.

Rasmussen moves this court to accept a belated appeal. Despite Appellant's failure to properly perfect this appeal, the State cannot penalize a criminal defendant by declining to consider his

first appeal when counsel has failed to follow the appellate rules. *Franklin v. State*, 317 Ark. 42, 875 S.W.2d 836 (1994) (per curiam). In *McDonald v. State*, 356 Ark. 106, 146 S.W.3d 883 (2004), we clarified our treatment of motions for rule on clerk and motions for belated appeals:

> Where an appeal is not timely perfected, either the party or attorney filing the appeal is at fault, or there is good reason that the appeal was not timely perfected. The party or attorney filing the appeal is therefore faced with two options. First, where the party or attorney filing the appeal is at fault, fault should be admitted by affidavit filed with the motion or in the motion itself. There is no advantage in declining to admit fault where fault exists. Second, where the party or attorney believes that there is good reason the appeal was not perfected, the case for good reason can be made in the motion, and this court will decide whether good reason is present.

*Id.* at 116, 146 S.W.3d at 891 (footnote omitted). While this court no longer requires an affidavit admitting fault before we will consider the motion, an attorney should candidly admit fault where he has erred and is responsible for the failure to perfect the appeal. *See id.* at 116, 146 S.W.3d at 891. When it is plain from the motion, affidavits, and record that relief is proper under either rule based on error or good reason, the relief will be granted. *See id.* If there is attorney error, a copy of the opinion will be forwarded to the Committee on Professional Conduct. *See id.*

It is plain from Appellant's motion that there was error on Mr. Hurst's part. Mr. Hurst has also assumed responsibility for the error. Pursuant to *McDonald v. State, supra,* we grant Appellant's motion for rule on clerk and forward a copy of this opinion to the Committee on Professional Conduct.

Motion granted.