Latore Durand GOSSETT *v.* STATE of Arkansas

CR 08-1356                                                        289 S.W.3d 463

Supreme Court of Arkansas
Opinion delivered December 11, 2008

*Justin B. Hurst*, for appellant.

No response.

PER CURIAM. Appellant Latore Durand Gossett, by and through his attorney, Justin B. Hurst, has filed a motion for rule on clerk. Appellant entered a conditional guilty plea to the crimes of possession of a schedule II controlled substance, crack cocaine, with intent to deliver; possession of drug paraphernalia; simultaneous possession of drugs and firearms; unauthorized use of property to facilitate a crime; and possession of a schedule IV controlled substance, marijuana. He was sentenced to a term of 168 months in the Arkansas Department of Correction. The judgment and commitment order was entered on July 31, 2007, and Appellant timely filed a notice of appeal from the judgment order on August 16, 2007.

Pursuant to Ark. R. App. P.–Civ. 5(a), which is applicable pursuant to Ark. R. App. P.–Crim. 4(a), the deadline for filing the record on appeal was November 14, 2007. Appellant timely filed a

motion for enlargement of time to lodge the record on October 9, 2007. However, the order granting his motion was not entered until November 16, 2007. Although the circuit court granted several subsequent motions for extension of time to lodge the record, the untimely entry of the first extension order culminated in Appellant's untimely tender of the record on April 16, 2008.

Despite Appellant's failure to properly perfect this appeal, the State cannot penalize a criminal defendant by declining to consider his first appeal when counsel has failed to follow an appellate rule. *Franklin v. State*, 317 Ark. 42, 875 S.W.2d 836 (1994) (per curiam). In *McDonald v. State*, 356 Ark. 106, 146 S.W.3d 883 (2004), we clarified our treatment of motions for rule on clerk and motions for belated appeals.

> Where an appeal is not timely perfected, either the party or attorney filing the appeal is at fault, or there is good reason that the appeal was not timely perfected. The party or attorney filing the appeal is therefore faced with two options. First, where the party or attorney filing the appeal is at fault, fault should be admitted by affidavit filed with the motion or in the motion itself. There is no advantage in declining to admit fault where fault exists. Second, where the party or attorney believes that there is good reason the appeal was not perfected, the case for good reason can be made in the motion, and this court will decide whether good reason is present.

*Id.* at 116, 146 S.W.3d at 891 (footnote omitted). While we no longer require an affidavit admitting fault before we will consider the motion, an attorney should candidly admit fault where he has erred and is responsible for the failure to perfect the appeal. *See id.* at 116, 146 S.W.3d at 891.

Mr. Hurst does not admit fault, but his fault is clear from the record. Therefore, we direct the clerk of this court to accept the record and docket the appeal, and we refer the matter to the Committee on Professional Conduct.

Motion granted.