Joseph ROUNSAVILLE *v.* STATE of Arkansas

CR 08-205                                                    282 S.W.3d 759

Supreme Court of Arkansas
Opinion delivered April 10, 2008

P ER Curiam. Appellant Joseph Rounsaville was found guilty of rape and sentenced as a habitual offender to a term of life imprisonment on September 24, 2007. On October 11, 2007, Appellant filed a pro se motion for appointment of counsel for posttrial proceedings and for representation at a new trial, as well as a pro se motion for new trial based upon his claims of ineffectiveness of his current counsel. The Pulaski County Circuit Court denied these motions on October 31, 2007. That same day Appellant's counsel, Richard L. Hughes, filed a motion to be relieved as counsel with the circuit court asserting that Appellant's challenge of his effectiveness has presented a conflict of interest in fact for counsel.[1]

On November 26, 2007, Appellant filed a pro se notice of appeal from the October 31 order denying his motion for new trial. On November 28, 2007, Hughes, acting as counsel for Appellant, filed a notice of appeal from the September 24 judgment and commitment order as well as the October 31 order. That same day, Appellant refiled his pro se notice of appeal, which included an affidavit of indigency in accordance with Ark. Sup. Ct.

---

[1] The circuit court never ruled upon Hughes's motion.

R. 6-6. The record was lodged with this court and briefing was commenced on February 15, 2008. Hughes has filed the present motion to be relieved as counsel on the basis that he has a conflict of interest as Appellant has clearly challenged his competency by filing the pro se motions such that the attorney-client trust has been undermined. Citing *Townsend v. State*, 350 Ark. 129, 85 S.W.3d 526 (2002), Hughes claims that this court should appoint different counsel for defendant or take adequate steps to ascertain whether the risk of a conflict of interest is too remote to warrant different counsel. Additionally, Hughes claims that Appellant is entitled to separate counsel to pursue his ineffective-assistance claim.

Under Ark. R. App. P.–Crim. 16, Hughes is required to represent Appellant until he has been relieved as counsel by the trial court or by a state appellate court. Specifically, Rule 16(a) provides as follows:

> (a) Trial counsel, whether retained or court-appointed, shall continue to represent a convicted defendant throughout any appeal to the Arkansas Supreme Court or Arkansas Court of Appeals, unless permitted by the trial court or the appellate court to withdraw in the interest of justice or for other sufficient cause. After the notice of appeal of a judgment of conviction has been filed, the appellate court shall have exclusive jurisdiction to relieve counsel and appoint new counsel.

In *Townsend*, 350 Ark. 129, 85 S.W.3d 526, the issue on direct appeal was whether the circuit court erred in denying trial counsel's motion to withdraw. There, we explained that when an asserted conflict of interest is of the defendant's own making, "we must determine whether or not Townsend has demonstrated prejudice from the trial court's refusal to permit [counsel] to withdraw." *Id.* at 135, 85 S.W.3d at 529. Although the merits of Appellant's appeal are not at issue in this motion, it is clear from the record and the proceedings in this case that a main issue on appeal will be Appellant's claim of Hughes's ineffective assistance at trial. Consequently, as Appellant's attorney, Hughes would be required to argue against his own effectiveness. We feel that it is unrealistic to expect trial counsel, who is also appellate counsel, to call into question his own competence such that there is a sufficient reason for Hughes to be relieved as counsel for Appellant.

Based upon the foregoing, we grant the motion to be relieved as counsel. *But cf. Harden v. State*, 367 Ark. 364, 240 S.W.3d 103 (2006) (per curiam) (denying motion to be relieved as

counsel on the basis of a conflict of interest when Appellant has appealed his judgment of conviction on issues other than ineffective assistance of counsel). Attorney Justin Eisele is appointed to represent Appellant on appeal. As the record on appeal has been lodged, our clerk will set a new briefing schedule for the appeal.

Motion granted.